NO. 07-00-0581-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



DECEMBER 10, 2001



______________________________




JORGE LUIS RODRIGUEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 208TH DISTRICT COURT OF HARRIS COUNTY;



NO. 9417160; HONORABLE DENISE COLLINS, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Pursuant to an open plea of guilty for aggravated robbery, on June 6, 1995, appellant
Jorge Luis Rodriguez was granted deferred adjudication and placed on community
supervision for seven years. Upon the State's motion to proceed with an adjudication of guilt
for numerous violations of the conditions of community supervision, a hearing was held on
November 6, 2000. Pursuant to a plea bargain, appellant plead true to the State's allegations
and the trial court adjudicated him guilty and assessed punishment at 22 years confinement. 
Appellant filed a pro se general notice of appeal. In presenting this appeal, counsel has filed
an Anders (1) brief in support of a motion to withdraw. Based upon the rationale expressed
herein, the appeal is dismissed for want of jurisdiction and counsel's motion to withdraw is
rendered moot.

 In support of his motion to withdraw, counsel has certified that he has diligently
reviewed the record and, in his opinion, the record reflects no reversible error or grounds
upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87
S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San
Antonio 1984, no pet.). Thus, he concludes the appeal is frivolous and without merit. In
compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has
candidly discussed why, under the controlling authorities, there is no error in the court's
judgment. Counsel has also shown that he sent a copy of the brief to appellant, and informed
appellant that, in counsel's view, the appeal is without merit. In addition, counsel has
demonstrated that he notified appellant of his right to review the record and file a pro se brief
if he desires to do so. Appellant did not file a pro se brief. Concluding that the appeal is
frivolous, the State filed a waiver of time in which to file its brief.

 When appellant was granted deferred adjudication in 1995 he did not appeal his
sentence. Thus, counsel candidly concedes that under Manuel v. State, 944 S.W.2d 658
(Tex. Cr. App. 1999), this Court does not have jurisdiction to review issues relating to the
original deferred adjudication proceeding. See Daniels v. State, 30 S.W.3d 407, 408
(Tex.Cr.App. 2000).

 Moreover, article 42.12, section 5(b) of the Texas Code of Criminal Procedure
expressly denies a defendant the right to appeal from the trial court's determination to
adjudicate guilt. Connolly v. State, 983 S.W.2d 738, 741 (Tex.Cr.App. 1999); Phynes v.
State, 828 S.W.2d 1, 2 (Tex.Cr.App. 1992); Olowosuko v. State, 826 S.W.2d 940, 941-42
(Tex.Cr.App. 1992). Although the assessment of punishment and pronouncement of
sentence may be appealed pursuant to article 42.12, section 5(b), because the punishment
was within the statutory range for aggravated robbery and in conformity with the plea bargain,
nothing is presented for our review. See Tex. Penal Code Ann. §§ 12.32(a) and 29.03(b) and
(Vernon 1994); see generally Hardeman v. State, 1 S.W.3d 689, 690 (Tex.Cr.App. 1999).

 We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that
the appeal is without merit and is, therefore, frivolous. Currie v. State, 516 S.W.2d 684
(Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, the appeal is dismissed for want of jurisdiction and counsel's motion to
withdraw is rendered moot.

 Don H. Reavis

 Justice


Do not publish. 
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).



,
but, this was later determined to be a falsehood. According to the officer, those involved
in drug trafficking often use the presence of a child as a guise to secret what is actually
occurring. So too did appellant inform the arresting officer that she was traveling from
Texas to Oklahoma. Yet, when asked from where in Texas she had journeyed, she did not
remember or say. Nor did her stories about whom she had visited in Texas comport with
each other. At one time she indicated she had visited a friend. At another, she indicated
that she had visited her husband. Moreover, she had no luggage and emanated a body
odor indicative of someone who had not bathed in a while. The interior of the vehicle also
appeared as if it had been lived in. 

 Additionally, her actions were those of a nervous person. For instance, she once
attempted to start the car while it was already running. So too did she appear to be
avoiding direct eye contact with the officer. And, when asked to exit the car after the officer
searched its trunk, she cursed in a manner indicating that "she had been caught at
something." Appellant also appeared "terrified" when the officer decided to look under the
hood of the vehicle and in the air filter housing wherein lay the contraband. A response to
questioning by the officer about the item's identity further provided evidence that she was
aware of its presence. That is, when asked if she knew what it was, appellant answered
that she did not know "'exactly.'" 

 Inspection of the vehicle's ashtray also uncovered marijuana residue. And,
according to the officer, he believed she had been "smoking some weed." Finally, and
most telling, appellant absconded once her trial began. It continued in her absence, and
she was captured several years later. 

 The foregoing recitation evinces that more than some evidence appeared of record
permitting a rational jury to conclude, beyond reasonable doubt, that appellant knew of and
exercised care, custody and control over the cocaine. And, that not all the affirmative links
were established does not require us to hold that the verdict was clearly wrong or unjust. 
Those links that were shown to exist were more than enough to render the verdict both
legally and factually sufficient.

 Accordingly, we affirm the judgment of the trial court.


 Brian Quinn

 Chief Justice



Do not publish.


 
1. The State, in its brief, re-urges the court to dismiss appellant's appeal due to the fact she escaped
prior to the end of trial and remained a fugitive for approximately three years. We addressed this issue in our
opinion dated September 7, 2005. We, again, deny the motion for the reasons stated in our prior opinion.