NO. 07-00-0581-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 10, 2001

_____

JORGE LUIS RODRIGUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 208TH DISTRICT COURT OF HARRIS COUNTY;

NO. 9417160; HONORABLE DENISE COLLINS, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Pursuant to an open plea of guilty for aggravated robbery, on June 6, 1995, appellant Jorge Luis Rodriguez was granted deferred adjudication and placed on community supervision for seven years. Upon the State's motion to proceed with an adjudication of guilt for numerous violations of the conditions of community supervision, a hearing was held on November 6, 2000. Pursuant to a plea bargain, appellant plead true to the State's allegations and the trial court adjudicated him guilty and assessed punishment at 22 years confinement.

Appellant filed a *pro se* general notice of appeal. In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. Based upon the rationale expressed herein, the appeal is dismissed for want of jurisdiction and counsel's motion to withdraw is rendered moot.

In support of his motion to withdraw, counsel has certified that he has diligently reviewed the record and, in his opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). Thus, he concludes the appeal is frivolous and without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* brief if he desires to do so. Appellant did not file a *pro se* brief. Concluding that the appeal is frivolous, the State filed a waiver of time in which to file its brief.

When appellant was granted deferred adjudication in 1995 he did not appeal his sentence. Thus, counsel candidly concedes that under Manuel v. State, 944 S.W.2d 658 (Tex. Cr. App. 1999), this Court does not have jurisdiction to review issues relating to the

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

original deferred adjudication proceeding. *See* Daniels v. State, 30 S.W.3d 407, 408 (Tex.Cr.App. 2000).

Moreover, article 42.12, section 5(b) of the Texas Code of Criminal Procedure expressly denies a defendant the right to appeal from the trial court's determination to adjudicate guilt. Connolly v. State, 983 S.W.2d 738, 741 (Tex.Cr.App. 1999); Phynes v. State, 828 S.W.2d 1, 2 (Tex.Cr.App. 1992); Olowosuko v. State, 826 S.W.2d 940, 941-42 (Tex.Cr.App. 1992). Although the assessment of punishment and pronouncement of sentence may be appealed pursuant to article 42.12, section 5(b), because the punishment was within the statutory range for aggravated robbery and in conformity with the plea bargain, nothing is presented for our review. *See* Tex. Penal Code Ann. §§ 12.32(a) and 29.03(b) and (Vernon 1994); *see generally* Hardeman v. State, 1 S.W.3d 689, 690 (Tex.Cr.App. 1999).

We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that the appeal is without merit and is, therefore, frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, the appeal is dismissed for want of jurisdiction and counsel's motion to withdraw is rendered moot.

Don H. Reavis
Justice

3

Do not publish.