NO. 07-01-0374-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



FEBRUARY 5, 2003



______________________________




DORIS JEAN WILLIAMS, JOHNNIE JUNE CAMPBELL, 


AND THE ESTATE OF LEAVIRTA AUSTIN, DECEASED, APPELLANTS



V.



DAMON HILL, M.D., APPELLEE




_________________________________



FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2000-509,771-A; HONORABLE SAM MEDINA, JUDGE



_______________________________



Before JOHNSON, C.J., REAVIS, J. and BOYD, S.J. (1)

MEMORANDUM OPINION


 Appellants Doris Jean Williams, Johnnie June Campbell, and the Estate of Leavirta
Austin, Deceased, filed a Motion to Voluntarily Dismiss Appeal on October 29, 2002,
averring that they no longer wish to prosecute their appeal. 


 Without passing on the merits of the case, appellants' motion for voluntary dismissal
is granted and the appeal is hereby dismissed. Tex. R. App. P. 42.2. Having dismissed
the appeal at appellants' personal request, no motion for rehearing will be entertained and
our mandate will issue forthwith. 



 Phil Johnson

 Chief Justice


















1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.


here is no error in the court's judgment. See High v. State, 573 S.W.2d 807, 813
(Tex.Cr.App. 1978). Counsel has also shown that he sent a copy of the brief to Appellant
and informed Appellant that, in counsel's view, the appeal is without merit. In addition,
counsel has demonstrated that he notified Appellant of his right to review the record and
file a pro se response if he desired to do so. The Clerk of this Court also advised Appellant
by letter of his right to file a response to counsel's brief. Appellant did not file a response. 
Neither did the State favor us with a brief.

 As an arguable ground, counsel asserts the trial court's inspection of a presentence
investigation report prepared prior to Appellant being adjudicated guilty could have
prejudiced the court. Counsel then points out that article 42.12, § 5(b) of the Texas Code
of Criminal Procedure precludes review of the trial court's decision to adjudicate guilt. See
Connolly v. State, 983 S.W.2d 738, 741 (Tex.Crim.App. 1999). Counsel also
acknowledges that error, if any, during the punishment phase, was not preserved for
review. See Tex. R. App. P. 33.1(a)(1)(A); Hardeman v. State, 1 S.W.3d 689, 690
(Tex.Crim.App. 1999). 

 We have independently examined the entire record to determine whether there are
any non-frivolous grounds which might support the appeal. See Penson v. Ohio, 488 U.S.
75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511
(Tex.Cr.App. 1991). We have found no such grounds. After reviewing the record and
counsel's brief, we agree with counsel that the appeal is frivolous. See Bledsoe v. State,
178 S.W.3d 824 (Tex.Cr.App. 2005).

 Accordingly, counsel's motion to withdraw is granted and the trial court's judgment
is affirmed.

 Patrick A. Pirtle

 Justice


Do not publish.

1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
2. Counsel sets forth a "ground of error that would be better suited for a writ of habeas
corpus proceeding."