Affirmed and Memorandum Opinion filed November 2, 2006








Affirmed and Memorandum Opinion filed November 2, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-01126-CR

NO. 14-05-01127-CR

_______________

 

NORMAN STEVEN POLLARD, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 179th District Court

Harris County, Texas

Trial Court Cause No. 892,066 &
892,067

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Appellant,
Norman Steven Pollard, was charged with two counts of indecency with a child. 
He pleaded guilty pursuant to an agreement.  In accordance with the plea
agreement, the trial court deferred a finding of guilt and placed appellant on 
probation for eight years and assessed a $500 fine.  After appellant violated
terms and conditions of his community supervision, the State filed a motion to
adjudicate guilt.  The trial court adjudicated appellant=s guilt and assessed punishment at
confinement for ten years and a $500 fine.  








Because all dispositive
issues are clearly settled in law, we issue this memorandum opinion and
affirm.  See Tex. R. App. P. 47.4.


Discussion 

In two
issues, appellant contends (1) the punishment violates the Eighth Amendment of
the United States Constitution because it was cruel and unusual under the
circumstances of the Texas scheme for deferred adjudication, and (2) the
punishment violates the Eighth Amendment of the United States Constitution
because the trial court allegedly misled appellant into believing he had the
right to appeal. However, appellant failed to preserve these complaints for
appellate review.   








To
preserve a complaint for appellate review, a party must have presented the
trial court with a timely request, objection or motion, stating the specific
grounds for the ruling desired if those grounds were not apparent from the
context.  Tex. R. App. P. 33.1(a). 
Even constitutional errors may be waived by failure to object at trial.  Broxton
v. State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995).  Failure to make a
specific objection at trial constitutes waiver of an Eighth Amendment claim of
cruel and unusual punishment.  Curry v. State, 910 S.W.2d 490, 497 (Tex.
Crim. App. 1995) (holding error not preserved where appellant failed to object
at trial concerning cruel and unusual punishment); Nicholas v. State, 56
S.W.3d 760, 768 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d) (holding error not preserved where
appellant failed to object to the sentences as violating his constitutional
rights at the time they were announced);  see also Hardeman v. State, 1
S.W.3d 689, 690 (Tex. Crim. App. 1999) (holding appellant failed to preserve
error where given an opportunity to object after guilt was adjudicated and
before judge pronounced the sentence). In this case, appellant failed to object
on Eighth Amendment grounds either before or after the trial court pronounced
his sentence.  Therefore, appellant waived his Eighth Amendment complaints.[1] 
We overrule appellant=s first and second issues.  

Accordingly,
the judgment of the trial court is affirmed.

 

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Memorandum
Opinion filed November 2, 2006.

Panel consists of Chief Justice
Hedges and Justices Seymore, and Mirabal.[2]

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 









[1]  We find no support in this record for appellant=s contention that the trial court misled him into
believing he could appeal.  According to appellant, this contention is made in
anticipation that the State will argue he has no right to this appeal.  The
State has made no such argument.  Article 42.12, section 5(b) of the Texas Code
of Criminal Procedure provides that Ano
appeal may be taken@ from the hearing at which the trial court determines
whether it will proceed with an adjudication of guilt on the original charge.  Tex. Code Crim. Proc. Ann. Art. 42.12, ' 5(b) (Vernon Supp. 2006).  However, Aafter an
adjudication of guilt, all proceedings, including assessment of punishment,
pronouncement of sentence, granting of community supervision, and defendant=s appeal continue as if the adjudication of guilt had
not been deferred.@  Id. (emphasis added);  see also
Hargesheimer v. State, 182 S.W.3d 906, 913 (Tex. Crim. App. 2006)
(explaining when a defendant who entered into a plea bargain for deferred
adjudication community supervision appeals from the proceeding on the motion to
adjudicate guilt, Article 42.12, section 5(b) prohibits the appeal of the trial
court=s decision to adjudicate guilt).  Therefore, appellant
has a right to, and indeed did, appeal the assessment of punishment. 
Nevertheless, he has waived any complaint that the punishment violated the
Eighth Amendment. 

 





[2]  Senior Justice Margaret Garner Mirabal sitting by
assignment.