COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

SHARON ALEXANDER,                                  )
) No. 08-05-00256-CR
                                    Appellant,                        )
) Appeal from the
v.                                                                          )
) Criminal District Court #5
THE STATE OF TEXAS,                                   )
) of Dallas County, Texas
                                    Appellee.                          )
) (TC# F03-71121-WL)
)


O P I N I O N

            Sharon Alexander appeals from an adjudication of guilt for the offense of unlawful
delivery of cocaine in an amount less than one gram. She brings a single issue: that she received
ineffective assistance of counsel.
            Appellant was indicted for the offense of delivery of a controlled substance in an amount
less than one gram. Appellant waived her right to a trial by jury and pled guilty to the offense.
Pursuant to a plea bargain, the trial court deferred a finding of guilt and placed Appellant on
community supervision for a term of five years and assessed a fine of $1,500. In March of 2005,
the State filed a motion to adjudicate alleging Appellant had violated certain terms of her
community supervision by: (1) testing positive for cocaine use; (2) failing to report to the
Comprehensive Assessment and Treatment Services (“C.A.T.S.”) program; and (3) failing to
report to the Dallas County Sheriff’s Office for fingerprinting.
            At a hearing on the State’s motion to adjudicate, Appellant entered a plea of true. The
State admitted Appellant’s signed, written, voluntary plea of true and asked the court to take
judicial notice of the contents of the trial court’s file. The trial court found the allegations
contained in the State’s motion to be true and proceeded to an adjudication of guilt. Appellant
was sentenced to two years in the Institutional Division of the Texas Department of Criminal
Justice. Appellant filed a motion for new trial which stated that a new trial should be granted
because “the verdict is contrary to the law and the evidence.” The court denied Appellant’s
motion for new trial and she filed her notice of appeal.
Standard of ReviewWe review claims of ineffective assistance of counsel under the two-prong test set out by
the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80
L.Ed.2d 674 (1984). To prevail on an ineffective assistance claim, the appellant must first show
that counsel’s performance was deficient, that is, counsel’s representation fell below an objective
standard of reasonableness. Strickland, 466 U.S. at 687-88, 104 S.Ct. at 2064; Thompson v.
State, 9 S.W.3d 808, 812 (Tex.Crim.App. 1999).
            In addition, the appellant must show that counsel’s deficient performance prejudiced her
defense. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064; Jackson v. State, 877 S.W.2d 768, 771
(Tex.Crim.App. 1994). This requires the appellant to show there is a reasonable probability that
but for counsel’s unprofessional errors, the result of the proceeding would have been different. 
Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Jackson, 877 S.W.2d at 771. A reasonable
probability is a probability sufficient to undermine confidence in the outcome. Strickland, 466
U.S. at 694, 104 S.Ct. at 2068; Jackson, 877 S.W.2d at 771.
            In reviewing claims of ineffective assistance, we indulge a strong presumption that
counsel’s conduct falls within the wide range of reasonable professional assistance. Thompson, 9
S.W.3d at 813. To prevail, the appellant must rebut the presumption that the challenged conduct
might be considered sound trial strategy. Strickland, 466 U.S. at 689, 104 S.Ct. at 2065. 
Without evidence of the strategy involved concerning counsel’s actions at trial, the reviewing
court will presume sound trial strategy. See Thompson, 9 S.W.3d at 814; Rylander v. State, 101
S.W.3d 107, 111 (Tex.Crim.App. 2003).
            Ultimately, Appellant bears the burden of proving ineffective assistance by a
preponderance of the evidence. Thompson, 9 S.W.3d at 813; Bradley v. State, 960 S.W.2d 791,
804 (Tex.App.--El Paso 1997, pet. ref’d). Any allegation of ineffectiveness must be firmly
founded and affirmatively demonstrated in the record. Thompson, 9 S.W.3d at 813. In the
majority of instances, an appellant cannot rebut the presumption of reasonable assistance because
the record on direct appeal is simply undeveloped and does not adequately reflect the failings of
trial counsel. Id. at 813-14.
            A silent record that provides no explanation for counsel’s actions will not ordinarily
overcome the strong presumption of reasonable assistance. See Rylander, 101 S.W.3d at 110-11. 
Indeed, it would be rare for an appellate court to declare trial counsel ineffective without a record
showing counsel had some opportunity to explain himself unless the challenged conduct was “so
outrageous that no competent attorney would have engaged in it.” See Goodspeed v. State, 187
S.W.3d 390, 392 (Tex.Crim.App. 2005), citing Garcia v. State, 57 S.W.3d 436, 440
(Tex.Crim.App. 2001), cert. denied, 537 U.S. 1195, 123 S.Ct. 1351, 154 L.Ed.2d 1030 (2003).
            Appellant argues she was denied effective assistance of counsel as a result of her trial
attorney’s failure to: (1) object when the trial court did not conduct a separate punishment
hearing; and (2) present any evidence or testimony in mitigation of punishment. Initially, we
note that although Appellant filed a motion for new trial, she did not challenge the
ineffectiveness of her counsel. Thus, her burden of proving ineffective assistance is even more
difficult. See Thompson, 9 S.W.3d at 813-14.
            Regardless, we disagree with Appellant’s position that a defendant is always entitled to a
separate punishment hearing after an adjudication of guilt. We agree that the trial court must
allow the defendant an opportunity to present evidence in mitigation of punishment. See Issa v.
State, 826 S.W.2d 159, 161 (Tex.Crim.App. 1992). However, all that is required is that a
defendant be given an opportunity at some stage of the proceedings to present evidence, not that
she be afforded a separate hearing in which to do so. See Pearson v. State, 994 S.W.2d 176, 179
(Tex.Crim.App. 1999); see also Hardeman v. State, 1 S.W.3d 689, 690-91 (Tex.Crim.App.
1999)(holding that Issa requires only that the defendant have the opportunity to present evidence
in mitigation of punishment if not afforded same during adjudication).
            In this case, Appellant was clearly given, and took full advantage of, an opportunity to
present evidence in mitigation of punishment during the adjudication stage of the proceedings. 
At the hearing, Appellant’s trial counsel addressed some of the allegations contained in the
State’s motion to adjudicate. Appellant attempted to explain why she failed to abide by the
conditions of her community supervision. Appellant was first questioned about her failure to
report to the Dallas County Sheriff’s Office for fingerprinting. Trial counsel noted that the State
had withdrawn that allegation because Appellant had been fingerprinted at some point prior to
the hearing. Trial counsel then asked Appellant about her failure to report to the C.A.T.S.
program. Appellant responded that her close friend had been in the intensive care unit at the
hospital. Counsel also asked Appellant if she was employed. Appellant replied that she was
currently working and had always held a job.
            At the conclusion of counsel’s questioning of Appellant, he asked her if there was
“[a]nything else that you want to tell the Judge right now at this point.” Appellant replied that “I
am a working, responsible person and I do plan to continue with my probation.” The trial court
then asked about her positive urinalysis. Appellant spoke at length about why she tested positive
for cocaine use. Appellant first stated that she did not know why she tested positive. She
surmised that it was because she had been in the presence of individuals who had been smoking
crack cocaine although she claimed that she did not directly ingest any. Appellant then reiterated
to the court that she did not know how the cocaine got into her system. She stated that she was at
a friend’s house and went into a room where other individuals were smoking crack cocaine in
order to tell her friend that she was leaving because she “did not want to be around it.” 
            The court asked Appellant if she had taken a “hit” before she left her friend’s home. 
Appellant replied that she could not remember if she had or not. The court then sought to
determine the level of her urinalysis. Appellant stated that she had taken a “whole lot” of other
medications, such as antibiotics and sinus medications. The court noted the results of
Appellant’s urinalysis as “1,000 milligrams per milliliter” when a positive result required only
“300 milligrams per milliliter.” The court reminded Appellant that two tests were performed but
offered Appellant an opportunity to have another urinalysis performed. Appellant declined the
court’s offer.
            Appellant maintained that she did not understand how she had tested positive. The trial
judge told Appellant that if she really did not smoke any crack cocaine, he would have the tests
performed again. Eventually, Appellant remembered she had ingested the substance from a
rolled cigarette, which she claimed she threw away after realizing it contained cocaine.
            After reviewing the record, we conclude that Appellant was clearly afforded an
opportunity to present evidence in mitigation of punishment during the proceedings. Thus, there
were no grounds for trial counsel to object. See Hardeman, 1 S.W.3d at 691. Consequently, we
disagree that the performance of Appellant’s trial counsel was deficient for failing to object to the
lack of a separate punishment hearing.
            Additionally, Appellant claims that her trial counsel’s performance was deficient for
failing to present any evidence or testimony in mitigation of punishment. Appellant argues the
record reflects that favorable testimony was available but never offered. Specifically, she argues
that the statement she made during her testimony that she “always had a job” is sufficient to
show that favorable testimony was available from her employer and co-workers. According to
Appellant, this testimony could have been offered to “establish that she was a responsible person
and could successfully complete community supervision.” We again disagree.
            Other than Appellant’s bare assertion, there is nothing in the record, including in her
motion for new trial, indicating that her employer or co-workers were even available to testify or
would have presented favorable testimony. Appellant also argues that her trial counsel failed to
call any family members or friends to establish that she was a good candidate for a probated
sentence or that punishment should be assessed in the lower range. However, when the record is
silent, we will not speculate as to the motivations or reasons for trial counsel’s actions. See
Jackson, 877 S.W.2d at 771.
            We conclude Appellant has not met her burden of showing her trial counsel was
ineffective. We, therefore, find that Appellant has failed to show trial counsel’s performance fell
below an objective standard of reasonableness. We need not address both components of the
inquiry if the defendant makes an insufficient showing on one component of the Strickland
analysis. Strickland, 466 U.S. at 697, 104 S.Ct. at 2069; Mallett v. State, 65 S.W.3d 59, 68
(Tex.Crim.App. 2001). Accordingly, Issue One is overruled.
            Having overruled Appellant’s sole issue, we affirm the trial court’s judgment.




November 22, 2006
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, J., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.), Sitting by Assignment, not participating

(Do Not Publish)