NO. 07-06-0456-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 24, 2007

_____

WARREN L. JONES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-404070; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Pursuant to an agreement, on August 10, 2004, Appellant, Warren L. Jones, pleaded guilty to possession of a prohibited weapon and was granted deferred adjudication in favor of four years community supervision. Upon the State's *First Amended Motion to Proceed with Adjudication of Guilt*, Appellant pleaded not true to the allegations. The trial

court heard evidence on the State's motion and thereafter adjudicated Appellant guilty of the charged offense and sentenced him to five years confinement. In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has diligently reviewed the record and, in his opinion, this Court does not have jurisdiction to address the merits of Appellant's appeal regarding the adjudication of guilt. He also certifies the record does not otherwise reflect reversible error upon which an appeal can be predicated.[2] Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). Thus, he concludes the appeal is frivolous. Counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. *See* High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978). Counsel has also shown that he sent a copy of the brief to Appellant and informed Appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified Appellant of his right to review the record and file a *pro se* response if he desired to do so. The Clerk of this Court also advised Appellant by letter of his right to file a response to counsel's brief. Appellant did not file a response. Neither did the State favor us with a brief.

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[2]Counsel sets forth a "ground of error that would be better suited for a writ of habeas corpus proceeding."

As an arguable ground, counsel asserts the trial court's inspection of a presentence investigation report prepared prior to Appellant being adjudicated guilty could have prejudiced the court. Counsel then points out that article 42.12, § 5(b) of the Texas Code of Criminal Procedure precludes review of the trial court's decision to adjudicate guilt. *See* Connolly v. State, 983 S.W.2d 738, 741 (Tex.Crim.App. 1999). Counsel also acknowledges that error, if any, during the punishment phase, was not preserved for review. *See* Tex. R. App. P. 33.1(a)(1)(A); Hardeman v. State, 1 S.W.3d 689, 690 (Tex.Crim.App. 1999).

We have independently examined the entire record to determine whether there are any non-frivolous grounds which might support the appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds. After reviewing the record and counsel's brief, we agree with counsel that the appeal is frivolous. *See* Bledsoe v. State, 178 S.W.3d 824 (Tex.Cr.App. 2005).

Accordingly, counsel's motion to withdraw is granted and the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

3