NO. 07-06-0456-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 24, 2007



______________________________




WARREN L. JONES, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-404070; HONORABLE JIM BOB DARNELL, JUDGE



_______________________________



Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

MEMORANDUM OPINION


 Pursuant to an agreement, on August 10, 2004, Appellant, Warren L. Jones,
pleaded guilty to possession of a prohibited weapon and was granted deferred adjudication
in favor of four years community supervision. Upon the State's First Amended Motion to
Proceed with Adjudication of Guilt, Appellant pleaded not true to the allegations. The trial
court heard evidence on the State's motion and thereafter adjudicated Appellant guilty of
the charged offense and sentenced him to five years confinement. In presenting this
appeal, counsel has filed an Anders (1) brief in support of a motion to withdraw. We grant
counsel's motion and affirm.

 In support of his motion to withdraw, counsel certifies he has diligently reviewed the
record and, in his opinion, this Court does not have jurisdiction to address the merits of
Appellant's appeal regarding the adjudication of guilt. He also certifies the record does not
otherwise reflect reversible error upon which an appeal can be predicated. (2) Anders v.
California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State,
671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). Thus, he concludes the
appeal is frivolous. Counsel has candidly discussed why, under the controlling authorities,
there is no error in the court's judgment. See High v. State, 573 S.W.2d 807, 813
(Tex.Cr.App. 1978). Counsel has also shown that he sent a copy of the brief to Appellant
and informed Appellant that, in counsel's view, the appeal is without merit. In addition,
counsel has demonstrated that he notified Appellant of his right to review the record and
file a pro se response if he desired to do so. The Clerk of this Court also advised Appellant
by letter of his right to file a response to counsel's brief. Appellant did not file a response. 
Neither did the State favor us with a brief.

 As an arguable ground, counsel asserts the trial court's inspection of a presentence
investigation report prepared prior to Appellant being adjudicated guilty could have
prejudiced the court. Counsel then points out that article 42.12, § 5(b) of the Texas Code
of Criminal Procedure precludes review of the trial court's decision to adjudicate guilt. See
Connolly v. State, 983 S.W.2d 738, 741 (Tex.Crim.App. 1999). Counsel also
acknowledges that error, if any, during the punishment phase, was not preserved for
review. See Tex. R. App. P. 33.1(a)(1)(A); Hardeman v. State, 1 S.W.3d 689, 690
(Tex.Crim.App. 1999). 

 We have independently examined the entire record to determine whether there are
any non-frivolous grounds which might support the appeal. See Penson v. Ohio, 488 U.S.
75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511
(Tex.Cr.App. 1991). We have found no such grounds. After reviewing the record and
counsel's brief, we agree with counsel that the appeal is frivolous. See Bledsoe v. State,
178 S.W.3d 824 (Tex.Cr.App. 2005).

 Accordingly, counsel's motion to withdraw is granted and the trial court's judgment
is affirmed.

 Patrick A. Pirtle

 Justice


Do not publish.

1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
2. Counsel sets forth a "ground of error that would be better suited for a writ of habeas
corpus proceeding."