NO. 07-07-0087-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 10, 2007

_____

LEONARD RODRIGUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A15301-0312; HONORABLE ROBERT W. KINKAID, JR., JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following a plea of nolo contendere to the offense of burglary of a building, Appellant, Leonard Rodriguez, was granted deferred adjudication and placed on community supervision for three years and assessed a $600 fine. A hearing was held on the State's *Amended Motion to Proceed with an Adjudication of Guilt* at which Appellant

pleaded true to all but one of the State's allegations. The trial court found that based on Appellant's plea of true and the testimony presented at the hearing, he had violated the conditions of his community supervision and adjudicated him guilty of the charged offense. Punishment was assessed at eighteen months confinement in a state jail facility and a $600 fine. In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has carefully reviewed the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Currie v. State*, 516 S.W.2d 684 (Tex.Crim.App. 1974). Thus, he concludes the appeal is frivolous. Counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has also shown that he sent a copy of the brief to Appellant and informed Appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified Appellant of his right to review the record and file a pro se response if he desired to do so. The Clerk of this Court also advised Appellant by letter of his right to file a response to counsel's brief. Appellant did not file a response. Neither did the State favor us with a brief.

---

[1]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

At the hearing on the State's amended motion, Appellant's community supervision officer and a former police officer testified that Appellant had violated certain conditions of his community supervision. Appellant also testified and admitted theft of a cell phone to sell for money, use of cocaine, and failure to complete his monthly community service hours.

By the *Anders* brief, counsel concedes that no appeal will lie from the trial court's determination to adjudicate guilt. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon 2007). *See also Hargesheimer v. State*, 182 S.W.3d 906, 909 (Tex.Crim.App. 2006); *Connolly v. State*, 983 S.W.2d 738, 741 (Tex.Crim.App. 1999). Although an appeal of all proceedings after an adjudication of guilt is not foreclosed by article 42.12, § 5(b), (*i.e.*, assessment of punishment), Appellant did not present any punishment evidence at the hearing. *See Hardeman v. State*, 1 S.W.3d 689, 690 (Tex.Crim.App. 1999). Thus, there are no meritorious grounds to appeal.

We have independently examined the entire record to determine whether there are any non-frivolous grounds which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds. After reviewing the record, counsel's brief, and Apellant's pro se response, we agree with counsel that the appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

Accordingly, counsel's motion to withdraw is granted and the trial court's judgment is affirmed.[2]

Patrick A. Pirtle
Justice

Do not publish.

---

[2]In granting counsel's motion to withdraw, however, we remind counsel of the "educational" duty to inform Appellant of this Court's decision and of his right to file a pro se petition for discretionary review in the Court of Criminal Appeals. *Ex parte Owens*, 206 S.W.3d 670 (Tex.Crim.App. 2006).