NO. 07-07-0087-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JULY 10, 2007



______________________________




LEONARD RODRIGUEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 64TH DISTRICT COURT OF HALE COUNTY;



NO. A15301-0312; HONORABLE ROBERT W. KINKAID, JR., JUDGE



_______________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 Following a plea of nolo contendere to the offense of burglary of a building,
Appellant, Leonard Rodriguez, was granted deferred adjudication and placed on
community supervision for three years and assessed a $600 fine. A hearing was held on
the State's Amended Motion to Proceed with an Adjudication of Guilt at which Appellant
pleaded true to all but one of the State's allegations. The trial court found that based on
Appellant's plea of true and the testimony presented at the hearing, he had violated the
conditions of his community supervision and adjudicated him guilty of the charged offense. 
Punishment was assessed at eighteen months confinement in a state jail facility and a
$600 fine. In presenting this appeal, counsel has filed an Anders (1) brief in support of a
motion to withdraw. We grant counsel's motion and affirm.

 In support of his motion to withdraw, counsel certifies he has carefully reviewed the
record and, in his opinion, the record reflects no reversible error upon which an appeal can
be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967); Currie v. State, 516 S.W.2d 684 (Tex.Crim.App. 1974). Thus, he concludes the
appeal is frivolous. Counsel has candidly discussed why, under the controlling authorities,
there is no error in the court's judgment. See High v. State, 573 S.W.2d 807, 813
(Tex.Crim.App. 1978). Counsel has also shown that he sent a copy of the brief to
Appellant and informed Appellant that, in counsel's view, the appeal is without merit. In
addition, counsel has demonstrated that he notified Appellant of his right to review the
record and file a pro se response if he desired to do so. The Clerk of this Court also
advised Appellant by letter of his right to file a response to counsel's brief. Appellant did
not file a response. Neither did the State favor us with a brief.

 At the hearing on the State's amended motion, Appellant's community supervision
officer and a former police officer testified that Appellant had violated certain conditions of
his community supervision. Appellant also testified and admitted theft of a cell phone to
sell for money, use of cocaine, and failure to complete his monthly community service
hours. 

 By the Anders brief, counsel concedes that no appeal will lie from the trial court's
determination to adjudicate guilt. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b)
(Vernon 2007). See also Hargesheimer v. State, 182 S.W.3d 906, 909 (Tex.Crim.App.
2006); Connolly v. State, 983 S.W.2d 738, 741 (Tex.Crim.App. 1999). Although an appeal
of all proceedings after an adjudication of guilt is not foreclosed by article 42.12, § 5(b),
(i.e., assessment of punishment), Appellant did not present any punishment evidence at
the hearing. See Hardeman v. State, 1 S.W.3d 689, 690 (Tex.Crim.App. 1999). Thus,
there are no meritorious grounds to appeal.

 We have independently examined the entire record to determine whether there are
any non-frivolous grounds which might support the appeal. See Penson v. Ohio, 488 U.S.
75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511
(Tex.Crim.App. 1991). We have found no such grounds. After reviewing the record,
counsel's brief, and Apellant's pro se response, we agree with counsel that the appeal is
frivolous. See Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005).

 Accordingly, counsel's motion to withdraw is granted and the trial court's judgment
is affirmed. (2)

 Patrick A. Pirtle

 Justice


 

Do not publish.










 
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
2. In granting counsel's motion to withdraw, however, we remind counsel of the
"educational" duty to inform Appellant of this Court's decision and of his right to file a pro
se petition for discretionary review in the Court of Criminal Appeals. Ex parte Owens, 206
S.W.3d 670 (Tex.Crim.App. 2006).