NO. 07-07-0102-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 9, 2008

_____

MARIA RENDON, APPELLANT[1]

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 3401; HONORABLE FELIX KLEIN, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Pursuant to a guilty plea, on August 28, 2000, Appellant, Maria Rendon, was placed

on deferred adjudication community supervision on a charge of aggravated assault with

_____

[1]In the judgment Appellant is referred to as "Marina Rendon." Documents signed
in the clerk's record reflect Appellant's name is "Maria Rendon."

a deadly weapon.  On July 18, 2006, the State filed an Application to Proceed for alleged violations of the conditions of community supervision.  On November 20, 2006, the trial court heard evidence and found that Appellant had intentionally and knowingly possessed a controlled substance, namely hydrocodone.  The court adjudicated Appellant guilty and imposed a sentence of seven years confinement.  In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw.  We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has diligently reviewed the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated.  *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Monroe v. State*, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.).  Thus, he concludes the appeal is frivolous.  Counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment.  *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).  Counsel has also shown that he sent a copy of the brief to Appellant and informed Appellant that, in counsel's view, the appeal is without merit.  In addition, counsel has demonstrated that he notified Appellant of her right to review the record and file a pro se response if she desired to do so.  The Clerk of this Court also advised Appellant by letter of her right to file a response to counsel's brief.  Appellant did not file a response.  Neither did the State favor us with a brief.

---

[2]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2

In fulfilment of his duties as counsel presenting an *Anders* brief, Appellant's counsel presents two arguable issues: (1) sufficiency of the evidence and (2) modification of the judgment. Counsel then concludes the issues have no merit. We recognize that effective June 15, 2007, the trial court's determination to adjudicate guilt is reviewed in the same manner as a revocation hearing. *See* Tex. Code Crim. Proc. Ann. art. 42.12(b) (Vernon Supp. 2007).[3] However, the Historical and Statutory Notes provide:

> [t]he change in law made by this Act applies only to a judgment of conviction entered on or after the effective date [June 15, 2007] of this Act, a grant of deferred adjudication made on or after the effective date of this Act, or a disposition of delinquent conduct made on or after the effective date of this Act.

Appellant was adjudicated guilty on November 20, 2006, and thus we will apply the law as it existed at that time. Under the former version of article 42.12, § 5(b), Appellant is expressly denied the right to appeal the trial court's determination to adjudicate guilt.[4] Post-adjudication proceedings, i.e., assessment of punishment, pronouncement of sentence, are not foreclosed from being considered on appeal, but must still be preserved for consideration. *See Hardeman v. State*, 1 S.W.3d 689, 690 (Tex.Crim.App. 1999).

---

[3]*See* Act of May 28, 2007, 80th Leg., R.S., ch. 1308, § 5(b), 2007 Tex. Sess. Law Serv. 4404, 4405 (Vernon) codified at Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b).

[4]Added by Act of May 7, 1975, 64th Leg., R.S., ch. 231, § 3d(b), 1975 Tex. Gen. Laws 572, *amended by* Act of May 29, 1993, 73rd Leg., R.S., ch 900, § 5(b) 1993 Tex. Gen. Laws 3586, 3719-20, *amended by* Act of May 29, 1995, 74th Leg. R.S., ch. 318, § 53, 1995 Tex. Gen. Laws 2734, 2750.

Appellant was convicted of the offense of aggravated assault, a second degree felony punishable by two to twenty years confinement. *See* Tex. Penal Code Ann. §§ 22.02 & 12.33 (Vernon Supp. 2007 & 2003). Appellant's seven-year sentence is within the statutory range of punishment. Generally, a penalty imposed within the range established by the Legislature should not be disturbed on appeal. *Nunez v. State*, 565 S.W.2d 536, 538 (Tex.Crim.App. 1978).

We have independently examined the entire record to determine whether there are any non-frivolous grounds which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds. After reviewing the record and counsel's brief, we agree with counsel that the appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

Accordingly, counsel's motion to withdraw is granted and the trial court's judgment is affirmed.[5]

Patrick A. Pirtle
Justice

Do not publish.

---

[5]Per Rule 48.4 of the Texas Rules of Appellate Procedure (effective September 1, 2007), we remind counsel of the duty to inform Appellant within five days after the date of this opinion to send a copy of the opinion and judgment together with notification of Appellant's right to file a pro se petition for discretionary review.