NO. 07-07-0102-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 9, 2008

______________________________


MARIA RENDON, APPELLANT




V.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 3401; HONORABLE FELIX KLEIN, JUDGE

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
          Pursuant to a guilty plea, on August 28, 2000, Appellant, Maria Rendon, was placed
on deferred adjudication community supervision on a charge of aggravated assault with
a deadly weapon. On July 18, 2006, the State filed an Application to Proceed for alleged
violations of the conditions of community supervision. On November 20, 2006, the trial
court heard evidence and found that Appellant had intentionally and knowingly possessed
a controlled substance, namely hydrocodone. The court adjudicated Appellant guilty and
imposed a sentence of seven years confinement. In presenting this appeal, counsel has
filed an Anders


 brief in support of a motion to withdraw. We grant counsel’s motion and
affirm.
          In support of his motion to withdraw, counsel certifies he has diligently reviewed the
record and, in his opinion, the record reflects no reversible error upon which an appeal can
be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.).
Thus, he concludes the appeal is frivolous. Counsel has candidly discussed why, under
the controlling authorities, there is no error in the court's judgment. See High v. State, 573
S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has also shown that he sent a copy of
the brief to Appellant and informed Appellant that, in counsel's view, the appeal is without
merit. In addition, counsel has demonstrated that he notified Appellant of her right to
review the record and file a pro se response if she desired to do so. The Clerk of this
Court also advised Appellant by letter of her right to file a response to counsel’s brief. 
Appellant did not file a response. Neither did the State favor us with a brief.
          In fulfilment of his duties as counsel presenting an Anders brief, Appellant’s counsel
presents two arguable issues: (1) sufficiency of the evidence and (2) modification of the
judgment. Counsel then concludes the issues have no merit. We recognize that effective
June 15, 2007, the trial court’s determination to adjudicate guilt is reviewed in the same
manner as a revocation hearing. See Tex. Code Crim. Proc. Ann. art. 42.12(b) (Vernon
Supp. 2007).


 However, the Historical and Statutory Notes provide:
[t]he change in law made by this Act applies only to a judgment of conviction
entered on or after the effective date [June 15, 2007] of this Act, a grant of
deferred adjudication made on or after the effective date of this Act, or a
disposition of delinquent conduct made on or after the effective date of this
Act.
 
          Appellant was adjudicated guilty on November 20, 2006, and thus we will apply the 
law as it existed at that time. Under the former version of article 42.12, § 5(b), Appellant
is expressly denied the right to appeal the trial court’s determination to adjudicate guilt.


 
Post-adjudication proceedings, i.e., assessment of punishment, pronouncement of
sentence, are not foreclosed from being considered on appeal, but must still be preserved
for consideration. See Hardeman v. State, 1 S.W.3d 689, 690 (Tex.Crim.App. 1999). 
          Appellant was convicted of the offense of aggravated assault, a second degree
felony punishable by two to twenty years confinement. See Tex. Penal Code Ann. §§
22.02 & 12.33 (Vernon Supp. 2007 & 2003). Appellant’s seven-year sentence is within the
statutory range of punishment. Generally, a penalty imposed within the range established
by the Legislature should not be disturbed on appeal. Nunez v. State, 565 S.W.2d 536,
538 (Tex.Crim.App. 1978).
          We have independently examined the entire record to determine whether there are
any non-frivolous grounds which might support the appeal. See Penson v. Ohio, 488 U.S.
75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511
(Tex.Crim.App. 1991). We have found no such grounds. After reviewing the record and
counsel’s brief, we agree with counsel that the appeal is frivolous. See Bledsoe v. State,
178 S.W.3d 824 (Tex.Crim.App. 2005).
          Accordingly, counsel's motion to withdraw is granted and the trial court’s judgment
is affirmed.



                                                                           Patrick A. Pirtle

                                                                                 Justice



                                                                                                                                    

Do not publish.