Terry Wayne HARDEMAN, Appellant,

v.

The STATE of Texas.

No. 1949–98.

Court of Criminal Appeals of Texas.

Sept. 15, 1999.

Tony Aninao, Houston, for appellant.

Rikke Burke Graber, Assist, DA, Houston, Matthew Paul, State's Atty., Austin, for the State.

## OPINION

KEASLER, J., delivered the unanimous opinion of the Court.

Terry Wayne Hardeman pleaded guilty to delivering less than 28 grams of cocaine and stipulated that two enhancement paragraphs were true. The trial court deferred adjudication and placed him on probation. The State later moved to adjudicate, alleging that Hardeman used cocaine and failed to pay fines while on probation. The trial court adjudicated guilt on Hardeman's original cocaine charge and sentenced him to life in prison. Hardeman appealed, and the Court of Appeals affirmed the trial court's judgment.

## SEPARATE PUNISHMENT HEARING

■ Hardeman first argues that the trial court erred by not conducting a separate punishment hearing after the adjudication of guilt and before sentencing. He complains that the Court of Appeals erroneously concluded that he failed to preserve error on this claim. We agree with the Court of Appeals.

■ Generally, to preserve error, the complaining party must make a timely objection. Hardeman contends that, pursuant to *Issa v. State*,[1] he preserved error by filing a timely motion for new trial. In *Issa*, when the trial judge denied the appellant a separate punishment hearing, we permitted the preservation of error in this manner only because the appellant did not have the opportunity to object.[2] The trial judge found the appellant guilty and immediately sentenced him.[3]

Hardeman does not allege such a lack of opportunity to object. In fact, the record indicates that he was given the chance to do so. After adjudicating guilt, the trial judge asked Hardeman whether he had anything to say before he pronounced sentence. There was no response. Hardeman was given an opportunity to object and to present evidence, but he did neither. As a result, he failed to preserve error. This ground for review is overruled.

■ Hardeman also claims that his counsel was ineffective for failing to object when the court imposed sentence without a separate punishment hearing. Contrary to Hardeman's argument, *Issa* does not stand for the absolute right to a separate punishment hearing. Instead, it requires

1. 826 S.W.2d 159 (Tex.Crim.App.1992).

2. *Id.* at 161; see also *Pearson v. State*, 994 S.W.2d 176, 179 (Tex.Crim.App.1999).

3. *Ibid.*

the defendant to have the opportunity to present evidence in mitigation of punishment if not afforded during adjudication.[4]

The record reflects that Hardeman was given such an opportunity during adjudication, and he took advantage of it. He testified regarding his work at a halfway house, his level of responsibility there, his achievement during training, his skills, and his sense of duty. These matters have nothing to do with whether he used cocaine or paid his fines during probation.

 As we explained in *Pearson*, it is immaterial that the presentation of this evidence occurred before the actual words of adjudication.[5] Hardeman had the opportunity to present evidence during the proceedings, and that is all that is required. Therefore, Hardeman cannot show that counsel erred by failing to object, nor can he show he was harmed by counsel's failure to object.

## ENHANCEMENT PARAGRAPHS

Hardeman next argues that the Court of Appeals erred in failing to address the merits of his claims regarding the enhancement paragraphs. He argued below that there was insufficient evidence to support the two habitual offender enhancement paragraphs and that the trial court erred in failing to arraign him on the enhancement paragraphs. The Court of Appeals declined to review these complaints, holding that it did not have the authority to do so because the claims dealt with the trial court's decision to adjudicate guilt.[6] We agree with Hardeman that these claims do not involve the trial court's decision to adjudicate guilt. Nevertheless, Hardeman waived these complaints by not raising them in an appeal after the trial court imposed deferred adjudication.[7] As a result, the Court of Appeals was correct in refusing to address the claims on their merits, albeit for different reasons.

## CONCLUSION

We affirm the decision of the Court of Appeals.

---

4. *Pearson,* at 178–79.

5. *Ibid.*

6. Tex.Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon 1999).

7. *Manuel v. State,* 994 S.W.2d 658, 661 (Tex. Crim.App.1999).