NUMBER 13-99-255-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


JOSEPH DONALD SIMIEN, JR.
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 339th District Court


of Harris County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Rodriguez



 Appellant, Joseph Simien, Jr., pleaded guilty without a plea
bargain agreement to the offense of aggravated robbery and was
assessed punishment at fifteen years confinement. By four points of
error, he challenges his conviction and sentence. We affirm.

 Appellant was charged with aggravated robbery and entered a
plea of guilty without a plea bargain agreement with the State. After
conducting a sentencing hearing, the trial court entered a finding of
guilt and assessed punishment at fifteen years confinement. 

 In points of error one and two, appellant contends article 1.15 of
the Texas Code of Criminal Procedure(1) violates his constitutional right
to due process because it denies him the right to compulsory process. 
More specifically, appellant argues that the statute requires that the
court base its determination of guilt or innocence on the evidence
stipulated or offered by the state alone and bars the court from
considering evidence offered by the defendant. In points of error three
and four, appellant asserts error in the entry of judgment where the
record is silent as to waiver of his right to compulsory process.

 Generally, to preserve error, the complaining party must make a
timely objection and obtain a ruling. See Tex. R. App. P. 33.1; Hardeman
v. State, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999). Because article
1.15 was not facially unconstitutional, nor was it "void ab initio,"
appellant was required to object before the trial court in order to
preserve any error for purposes of appeal. Garcia v. State, 887 S.W.2d
846, 861 (Tex. Crim. App. 1994). Even constitutional errors may be
waived by the failure to object. See id.

 Appellant failed to bring these issues to the attention of the trial
court by objecting during the guilty plea proceeding or by filing a motion
for new trial. Accordingly, he has failed to preserve any error. 

 Appellants points of error are overruled and the conviction is
AFFIRMED. 

 NELDA V. RODRIGUEZ

 Justice



Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 27th day of July, 2000.

 

1. Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon Supp. 1991).