COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

                                                                              )     

TYRONE
BOOTH,                                              )                    No. 
08-01-00227-CR

                                                                              )

Appellant,                          )                             Appeal from

                                                                              )     

v.                                                                           )                      243rd District Court

                                                                              )

THE STATE OF TEXAS,                                     )                 of El Paso County, Texas

                                                                              )

Appellee.                           )                          (TC# 970D04382)

 

O
P I N I O N

 

Tyrone
Booth appeals his conviction for the offense of burglary of a habitation.  Finding Appellant had violated the terms and
conditions of deferred adjudication community supervision, the trial court
adjudicated Appellant=s
guilt and assessed punishment at imprisonment for a term of eight years.  We affirm.

FACTUAL SUMMARY

On
August 15, 1997, Appellant waived his right to a jury trial and entered a
negotiated plea of guilty to burglary of a habitation.  The trial court found that the evidence
substantiated Appellant=s
guilt but deferred making an adjudication of guilt.  In accordance with the plea bargain, the
court placed Appellant on deferred adjudication community supervision for three
years.  The court later signed two orders
extending the term of community supervision. 









In
March 2001, the State filed a motion to adjudicate guilt.  The trial court conducted a contested hearing
on that motion, and at its conclusion, found that the State had proven
Appellant had violated the terms and conditions of community supervision as
alleged.  After announcing its ruling,
the court conducted what it referred to as a punishment hearing, and
alternately, as a disposition hearing. 
Both the State and Appellant offered additional evidence pertinent to
punishment.  At the conclusion of the
hearing, the court assessed Appellant=s
punishment at imprisonment for a term of eight years.  

FAILURE TO PROVIDE PUNISHMENT HEARING

In
his sole issue on appeal, Appellant contends that the trial court erred in
failing to provide him with a separate punishment hearing instead of
immediately assessing punishment after adjudicating him guilty.  A defendant on deferred adjudication
community supervision must be provided with an opportunity to present evidence
in mitigation of punishment if such an opportunity is not afforded during
adjudication.  Hardeman
v. State, 1 S.W.3d 689, 691 (Tex.Crim.App. 1999);
Issa v. State, 826 S.W.2d 159, 161 (Tex.Crim.App. 1992). 
Immediately following its ruling on the State=s
motion to adjudicate, the trial court engaged in the following discussion with
counsel:

[The Court]:  He=s on deferred.  You=re
entitled to a separate punishment hearing. 
And, Mr. Locke [the prosecutor], do you have any evidence -- any
additional evidence as to the punishment hearing?

 

[The
prosecutor]:  Your Honor, we=d call Martin Medrano.

 

[The Court]:  And I don=t
mean to call it a punishment hearing; a disposition hearing.  








The State
proceeded to offer additional evidence pertinent to punishment through
Appellant=s
community supervision officer, Mr. Medrano. 
The State then rested.  Appellant=s wife testified on Appellant=s behalf and offered her opinion that
he would not benefit from imprisonment but instead needed treatment for his
problems with drugs and alcohol. 
Following the argument of counsel regarding an appropriate punishment
for Appellant, the trial court assessed sentence.  

As
is apparent from this recitation of what occurred in the trial court, Appellant=s assertion that he was denied a
punishment hearing and an opportunity to present evidence in mitigation in
punishment in wholly unsupported by the record. 
Consequently, his sole issue for review is overruled and the judgment of
the trial court is affirmed.

 

 

August 1, 2002

                                                                        


ANN CRAWFORD McCLURE, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew,
JJ.

 

(Do Not Publish)