NO. 07-00-0490-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 8, 2003

_____


MARK ANTHONY BERNAL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 176TH DISTRICT COURT OF HARRIS COUNTY;

NO. 743691; HONORABLE BRIAN RAINS, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[*]


**MEMORANDUM OPINION**[1]

---

[*]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

[1]Tex. R. App. P. 47.4.

Pursuant to a plea bargain for aggravated sexual assault of a child, appellant was granted deferred adjudication and placed on community supervision for ten years. Upon the State's motion to proceed with an adjudication of guilt, appellant plead true to the allegations and the trial court adjudicated him guilty and sentenced him to ten years confinement and a $500 fine. By two points of error, appellant asserts the trial court committed reversible error in assessing a ten-year sentence because it was not proportional to the offense committed and violated his federal and state rights against cruel and unusual punishment.

We hold that appellant did not preserve his complaints for appellate review. Although article 42.12, section 5(b) of the Texas Code of Criminal Procedure permits an appeal from assessment of punishment after an adjudication of guilt, it is still necessary to object at the time punishment is assessed to preserve the complaint. *See* Tex. R. App. P. 33.1(a)(1)(A); *see also* Hardeman v. State, 1 S.W.3d 689, 690 (Tex.Cr.App. 1999). Appellant did not object to the court's assessment of a ten-year sentence. Thus, his complaint is waived. Appellant's points of error are overruled.

Accordingly, the judgment of the trial court is affirmed.

Per Curiam

Do not publish.