MEMORANDUM OPINION


No. 04-03-00513-CR


Tyrone HARPER,

Appellant


v.


THE STATE OF TEXAS,

Appellee


From the 175th Judicial District Court, Bexar County, Texas 

Trial Court No. 2001-CR-7096

Honorable Mary Roman, Judge Presiding


Opinion by: Sandee Bryan Marion, Justice

 

Sitting: Alma L. López, Chief Justice

 Paul W. Green, Justice

 Sandee Bryan Marion, Justice



Delivered and Filed: June 2, 2004


AFFIRMED



 At the hearing on the State's motion to revoke, defendant, Tyrone Harper, entered a plea of
true "with explanation" to the State's allegation that he failed to report to his probation officer.
Defense counsel explained that defendant did not meet with his probation officer in October,
November, and December 2002 because of complications arising from the premature birth of his baby
and the hospitalization of the child's mother, defendant's common-law wife. Defendant also testified
about his child's condition at birth and the mother's condition. When the trial court asked defendant
why he did not report following the child's release from the hospital, after two months, defendant had
no explanation. Defendant's probation officer stated that every effort to contact defendant following
his first failure to report had been unsuccessful.

 Based on defendant's plea of true, the trial court found defendant had violated the terms of
his community supervision, and adjudicated him guilty of aggravated assault with a deadly weapon.
The court then immediately commenced the punishment phase, and asked if either the State or
defendant had anything further to add. After both parties responded they had nothing further to offer,
the trial court assessed punishment at five years' confinement.

 In a single issue on appeal, defendant asserts he received ineffective assistance of counsel
during the punishment phase because his attorney failed to present mitigating evidence as to
punishment. We review defendant's claim of ineffective assistance of counsel under the established
standard of review. See Strickland v. Washington, 466 U.S. 668, 690, 104 S. Ct. 2052, 80 L. Ed.2d
674 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Because all issues of
law are settled, our opinion only advises the parties of the court's decision and the basic reasons for
it. See Tex. R. App. P. 47.4.

 A defendant is entitled to a punishment hearing after adjudication of guilt, and the trial court
must allow the defendant the opportunity to present evidence. Issa v. State, 826 S.W.2d 159, 161
(Tex. Crim. App. 1992). However, all that is required is that a defendant be given "the opportunity
to present evidence during the proceedings." Pearson v. State, 994 S.W.2d 176, 179 (Tex. Crim.
App. 1999) (emphasis in original); see also Hardeman v. State, 1 S.W.3d 689, 690-91 (Tex. Crim.
App. 1999) (holding that Issa requires only that the defendant have the opportunity to present
evidence in mitigation of punishment if not afforded same during adjudication). Here, defendant was
provided this opportunity, and both he and his attorney presented mitigating circumstances to the trial
court. Accordingly, defendant has not met his burden of establishing that his counsel was ineffective.
We overrule defendant's issue on appeal and affirm the trial court's judgment.

 

 Sandee Bryan Marion, Justice

DO NOT PUBLISH