Affirmed and Opinion filed October 4, 2005









Affirmed
and Opinion filed October 4, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00697-CR

____________

 

RUFUS L. GILDER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 868,893

 



 

M E M O R A N D U M   O P I N I O N








The trial court found appellant Rufus
Gilder guilty of violating his community supervision and sentenced him to
confinement in a state jail for one year. 
On appeal, appellant claims that the trial court erred in immediately
sentencing him after adjudicating guilt, thereby depriving him of a punishment
hearing.  Because all dispositive issues
are clearly settled in law, we issue this memorandum opinion.  Tex. R.
App. P. 47.4.  We affirm.       In
the fall of 2001, appellant pled guilty to the felony of forgery of a
commercial instrument.  The trial court
deferred adjudication of appellant=s guilt and placed
him on community supervision for five years. 
One condition of appellant=s community
supervision was that he refrain from disorderly conduct, abusive language, or
disturbing the peace at any Harris County facility.  On June 29, 2004, the State filed a motion to
adjudicate appellant=s guilt, alleging that he violated various
terms and conditions of his community supervision.  After an oral hearing, at which both parties
presented evidence and at which appellant testified, the trial court found the
allegations to be true.  After the trial
court adjudicated guilt, the following exchange took place:

COURT:                 Do you have anything to say
before sentence it [sic] pronounced?

APPELLANT:         I=d like to apologize to the ladies that I harmed and C

COURT:                 All right.

APPELLANT:         May B I think, you know, I got my family.  You know, they B about this whole deal, just want
to apologize.  

COURT:                 All right. . . . But do you
have anything further to say?

APPELLANT:         No.   

The court then sentenced appellant to one year=s
imprisonment.  








In his sole issue, appellant complains
that the trial judge erred by immediately sentencing him after adjudicating
guilt, thereby depriving him of a punishment hearing.  Appellant relies heavily on the decision in Issa
v. State, in which the Court of Criminal Appeals held that Athe defendant is entitled
to a punishment hearing after the adjudication of guilt, and the trial
judge must allow the accused the opportunity to present evidence.@  826 S.W.2d 159, 161 (Tex. Crim. App. 1992)
(emphasis in original).  We find Issa readily
distinguishable.  In Issa, the
defendant was given no opportunity to present evidence or to object to the
trial court=s actions because  the trial court pronounced the defendant=s guilt and his
sentence in a single proclamation.  Here,
this was not the case.  In Hardeman v.
State, under facts similar to those in the present case, the Court of
Criminal Appeals stated that AIssa does not stand
for the absolute right to a separate punishment hearing@; the court went
on to hold that the defendant Ahad the
opportunity to present evidence [on punishment] during the proceedings, and
that is all that is required.@  1 S.W.3d 689, 690B91 (Tex. Crim.
App. 1999); see also Pearson v. State, 994 S.W.2d 176, 179 (Tex. Crim.
App. 1999) (AIt is immaterial that the opportunity to
present evidence came before the actual words of adjudication.@).

In light of the Court of Criminal Appeals=s holdings in Hardeman
and Pearson, we overrule appellant=s single
issue.  We affirm the judgment of the
trial court.

 

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed October 4, 2005.

Panel
consists of Chief Justice Hedges and Justices Yates and Anderson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).