IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00224-CR

 

Joshua Tingler,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 252nd District Court

Jefferson County, Texas

Trial Court No. 83681

 



O p i n i o n



 








          Appellant Joshua Tingler pled guilty
to the felony offense of aggravated robbery.  He was placed on deferred
adjudication community supervision for five years and was fined $1,500.  The
State moved to revoke; the trial court sustained the motion to revoke,
adjudicated Tingler guilty, and sentenced him to thirty years in prison.

          In his first issue, Tingler asserts
that the trial court, after finding him guilty, erred in not affording him the
opportunity to present mitigating evidence on his involvement in the crime for
which he was convicted.  At the hearing in question, after Tingler’s attorney
made a preliminary statement that the trial court should continue probation
(community supervision), the prosecutor commented that Tingler had pointed a
gun at the robbery victim’s head, then recommended revocation and a substantial
prison sentence.  

The trial court then asked Tingler a few
questions and made comments to Tingler about his conduct while on community
supervision.  The trial court then stated:

You’re out there doing whatever you want to do. 
And what I can’t afford to do, sir, is I can’t afford to take a chance for you
to go break in somebody else’s house that lives here in Jefferson County and stick a gun in their face.  I can’t afford that.

 

With all that said, I find the evidence to be
sufficient to find Counts 4, 5, 6, 7, 8, 9, 10 and 11 to be true.  They are,
therefore, true.  I hereby revoke your unadjudicated probation, I now find you
guilty of the offense of aggravated robbery, I assess your punishment at
confinement in the Institutional Division for a period of 30 years.  You will
be given credit for any and all time that you may be entitled to by law.  Have
a good day, and good luck to you.

 

          Thereafter, Tingler filed a verified
motion for new trial, asserting that the trial court’s severe sentence was the
result of its misperception about Tingler’s involvement in the underlying
offense.  Tingler asserted that he was not the gunman in the underlying
aggravated robbery and that he was only present in the vehicle while his
co-defendant committed the offense, outside Tingler’s presence.  The motion
requested an evidentiary hearing so that he could present this mitigating
evidence.  Without holding a hearing, the trial court overruled the motion for
new trial.

After the trial court finds the defendant guilty
during a hearing on a petition to proceed to adjudication, the defendant is
entitled to a punishment hearing after the adjudication of guilt, and the trial
judge must allow the accused the opportunity to present punishment evidence.  Issa
v. State, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992).  To preserve a
complaint that the trial court erred in failing to hold a separate punishment
hearing, the defendant must timely object or file a motion for new trial if not
afforded the opportunity to object.  Vidaurri v. State, 49 S.W.3d 880,
885-86 (Tex. Crim. App. 2001); Hardeman v. State, 1 S.W.3d 689, 690
(Tex. Crim. App. 1999).








In its brief, the State concedes that Tingler
was not provided an adequate opportunity to present mitigating evidence before
sentencing “on the narrow issue of his actual role in the offense for which he
had been adjudicated as it bears on punishment.”  (State’s Brief at 10-11). 
The State also agrees that Tingler preserved his complaint by filing a motion
for new trial.  Accordingly, we sustain Tingler’s first issue.

Because we are remanding for a punishment
hearing, we need not address Tingler’s second issue.  But we note that he
complains that the trial court erred by failing to hold an evidentiary hearing
on his motion for new trial, and the State effectively concedes that the trial
court abused its discretion in not holding a hearing on the motion.

          We affirm the judgment of conviction. 
We reverse that portion of the judgment assessing punishment of a thirty-year
sentence and remand this cause to the trial court for a punishment hearing
consistent with this opinion.  Tex. Code
Crim. Proc. Ann. art. 44.29(b) (Vernon Supp. 2005).

 

BILL VANCE

Justice

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

          (Chief
Justice Gray dissenting)

Judgment
of conviction affirmed

Punishment
reversed, cause remanded

Opinion
delivered and filed February 8, 2006

Do
not publish

[CRPM]