Affirmed and Memorandum Opinion filed March 21, 2006









Affirmed
and Memorandum Opinion filed March 21, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00151-CR

____________

 

UCHE
EMMANUEL ABAZIE, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

_____________________________________________

 

On Appeal from the 185th District Court

Harris County, Texas

Trial Court Cause No. 982,221

_____________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellant, Uche Emmanuel Abazie,
appeals from an adjudication of guilt by the trial court following the trial
court=s
revocation of appellant=s
community supervision.  We affirm.  








On June 3, 2004, appellant pled
guilty to sexual assault of a child. 
Appellant entered into a plea bargain and received ten years= deferred
adjudication and a $1,000 fine. 
Appellant also agreed to 31 other conditions of community supervision,
including finding gainful employment, attending sex offender treatment, and
completing community service.  On
September 30, 2004, appellant returned to court where the trial court
admonished him for not completing several of his community supervision
conditions and required compliance within 30 days.  On November 18, 2004, the State filed a
motion to adjudicate and had appellant arrested.  In the State=s motion,
it alleged appellant failed to complete ten of the conditions of community
supervision as ordered.  On January 6,
2005, the trial court held a hearing on the motion to adjudicate guilt and
found appellant violated two major conditions of community supervision.  The trial court then sentenced appellant to
five years= confinement in the Texas
Department of Criminal Justice, Institutional Division.  

In his first point of error,
appellant contends the evidence was legally and factually insufficient to
support the trial court=s
revocation of appellant=s
community supervision.  We do not reach
the merits of this point of error because the trial court=s
decision to adjudicate guilt is not reviewable. 
If a defendant violates a condition of community supervision, Article
42.12, section 5(b) of the Texas Code of Criminal Procedure requires the trial
court to provide a hearing before proceeding with an adjudication of guilt on
the original charge.  See Tex. Code Crim. Proc. Ann. art. 42.12 ' 5(b)
(Vernon Supp. 2005).  If the trial court
does proceed with an adjudication of guilt, no appeal may be taken from that
determination.  Id.  The trial court found appellant violated two
provisions of his deferred adjudication community supervision.  Appellant contends the State failed to prove
the major violation alleged; specifically, appellant failed to participate in
sex offender treatment.  The statute here
is clear.  Appellant may not raise on
appeal contentions of error in the adjudication of guilt process.  Connolly v. State, 983 S.W.2d 738, 741
(Tex. Crim. App. 1999).  Therefore, we do
not reach the merits of this claim.  








In his second point of error,
appellant contends the sentence assessed against him was excessive and
disproportionate to the crime committed. 
Article 42.12 does not prohibit an appellate court from reaching the
merits of a punishment issue after the adjudication of guilt has occurred.  See Tex.
Code Crim. Proc. Ann. art. 42.12 '
5(b).  However, we do not reach the
merits here because appellant failed to preserve error.  To preserve error on a punishment issue after
an adjudication of guilt, appellant must make a timely objection.  See Tex.
R. App. P. 33.1; Hardeman v. State, 1 S.W.3d 689, 690 (Tex. Crim.
App. 1999).  In Hardeman, the
trial court did not hold a separate punishment hearing, but rather assessed
punishment immediately at the end of the hearing on adjudication of guilt.  Id. 
In that case, the trial court gave the defendant an opportunity to object
before assessing punishment if he so desired. 
Id.  When punishment was
assessed in this case, the trial court gave appellant an opportunity to raise
any issues he may have had during that portion of the hearing.  In fact, when appellant=s counsel
gave his closing argument to the court, he asked the court to consider five to
seven years for punishment if it was going to revoke community service.  At no point during the hearing did appellant=s counsel
object to the assessment of punishment. 
Therefore, appellant failed to preserve error on this issue.  See Holley v. State, 167 S.W.3d 546,
549 (Tex. App.CHouston [14th Dist.] 2005, pet.
ref=d)
(holding appellant failed to preserve error on proportionality of punishment
when no error was asserted at trial). 
Therefore, we overrule appellant=s second
point of error.  

Accordingly, we affirm the
judgment of the trial court. 

 

/s/        John S. Anderson

Justice

 

 

Judgment rendered and Memorandum Opinion filed March 21, 2006.

Panel consists of Chief Justice Hedges and Justices Yates and Anderson.

Do Not Publish C Tex. R. App. P. 47.2(b).