COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CHRISTINA DESHONE JACKSON, | § | No. 08-11-00123-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | 371st District Court |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC# 0947899D) |
| | § | |

## **O P I N I O N**

In a single issue, Christina Deshone Jackson, Appellant, complains that the trial court committed error by failing to hold a separate punishment hearing after adjudicating her guilt.   We affirm.[1]

**BACKGROUND**

Pursuant to a plea bargain agreement, Appellant was placed on deferred-adjudication community supervision for the state-jail offense of fraudulent possession of a controlled substance/prescription.   TEX. HEALTH & SAFETY CODE ANN. § 481.129(a) (West 2010). Subsequently, the State filed a petition to proceed to adjudication alleging Appellant's commission of a new offense and non-compliance with community supervision terms and conditions.   During the hearing on the State's petition to adjudicate, Appellant pleaded true to allegations that she had failed to pay court costs, supervision fees, and fines as ordered, and pleaded not true to the remaining allegations.   Appellant testified regarding the allegations, asked that she be continued

---

[1]  As this case was transferred from our sister court in Fort Worth, we decide it in accordance with the precedent of that court.   TEX. R. APP. P. 41.3.

on community supervision, and asked that she not be sent to prison so that she could care for her children. Appellant's mother testified that she has cancer, that Appellant provided care for her, and asked the trial court to permit Appellant to remain on community supervision.

The trial court found the remaining allegations to be true, found Appellant had violated the terms and conditions of her probation, and found her guilty of the offense of fraudulent possession of a controlled substance by prescription. The trial court then asked, "Anything further in the punishment phase?" Appellant's counsel requested that the trial court continue Appellant on community supervision, asked that the supervision be intensive, and then stated, "Nothing further." The trial court sentenced Appellant to eight years' confinement.

## DISCUSSION

To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion, and the trial court must have ruled thereon, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(1), (2); *see Mosley v. State*, 983 S.W.2d 249, 265 (Tex.Crim.App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070, 119 S.Ct. 1466 (1999); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex.Crim.App. 2004). A punishment hearing that follows a revocation of deferred adjudication and an adjudication of guilt is a statutory right that may be waived. *Vidaurri v. State*, 49 S.W.3d 880, 886 (Tex.Crim.App. 2001). To avoid such forfeiture, a defendant must complain at trial or in a motion for new trial. *Id.; see Hardeman v. State*, 1 S.W.3d 689, 690 (Tex.Crim.App. 1999).

Appellant failed to lodge the requisite objection and obtain a ruling thereon regarding the

complaint he now raises on appeal.   Consequently, Appellant has failed to preserve this complaint for our consideration.   TEX. R. APP. P. 33.1(a)(1), (2).   Appellant's issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


GUADALUPE RIVERA, Justice

February 6, 2013

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J., not participating

(Do Not Publish)