COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
 CHRISTINA DESHONE JACKSON,
  
                            
 Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                            
 Appellee.
 
 
  
   '
     
   '
     
   '
     
   '
     
   '
     
  '
 
  
 
 
  
  
                   No. 08-11-00123-CR
  
 Appeal from the
  
 371st
 District Court
  
 of Tarrant
 County, Texas
  
 (TC# 0947899D)
  
 
 


 

O
P I N I O N

 

In a single issue, Christina Deshone
Jackson, Appellant, complains that the trial court committed error by failing
to hold a separate punishment hearing after adjudicating her guilt.  We affirm.[1]

BACKGROUND

Pursuant to a plea bargain agreement,
Appellant was placed on deferred-adjudication community supervision for the
state-jail offense of fraudulent possession of a controlled
substance/prescription.  Tex. Health & Safety Code Ann. § 481.129(a)
(West 2010).  Subsequently, the State
filed a petition to proceed to adjudication alleging Appellant’s commission of
a new offense and non-compliance with community supervision terms and
conditions.  During the hearing on the
State’s petition to adjudicate, Appellant pleaded true to allegations that she
had failed to pay court costs, supervision fees, and fines as ordered, and
pleaded not true to the remaining allegations. 
Appellant testified regarding the allegations, asked that she be
continued on community supervision, and asked that she not be sent to prison so
that she could care for her children. 
Appellant’s mother testified that she has cancer, that Appellant
provided care for her, and asked the trial court to permit Appellant to remain
on community supervision.

The trial court found the remaining
allegations to be true, found Appellant had violated the terms and conditions
of her probation, and found her guilty of the offense of fraudulent possession
of a controlled substance by prescription. 
The trial court then asked, “Anything further in the punishment
phase?”  Appellant’s counsel requested
that the trial court continue Appellant on community supervision, asked that
the supervision be intensive, and then stated, “Nothing further.”  The trial court sentenced Appellant to eight
years’ confinement.

DISCUSSION

            To preserve a complaint for appellate review,
a party must have presented to the trial court a timely request, objection, or
motion stating the specific grounds for the desired ruling if they are not
apparent from the context of the request, objection, or motion, and the trial
court must have ruled thereon, either expressly or implicitly, or the
complaining party must have objected to the trial court’s refusal to rule.  Tex.
R. App. P. 33.1(a)(1), (2); see Mosley
v. State, 983 S.W.2d 249, 265 (Tex.Crim.App. 1998) (op. on reh’g), cert. denied, 526 U.S. 1070, 119 S.Ct.
1466 (1999); Mendez v. State, 138
S.W.3d 334, 341 (Tex.Crim.App. 2004).  A
punishment hearing that follows a revocation of deferred adjudication and an
adjudication of guilt is a statutory right that may be waived.  Vidaurri
v. State, 49 S.W.3d 880, 886 (Tex.Crim.App. 2001).  To avoid such forfeiture, a defendant must
complain at trial or in a motion for new trial. 
Id.; see Hardeman v. State, 1 S.W.3d 689, 690 (Tex.Crim.App. 1999).

            Appellant failed to lodge the
requisite objection and obtain a ruling thereon regarding the complaint he now
raises on appeal.  Consequently,
Appellant has failed to preserve this complaint for our consideration.  Tex. R.
App. P. 33.1(a)(1), (2). 
Appellant’s issue is overruled.

CONCLUSION

The trial court’s judgment is affirmed.

 

                                                                        GUADALUPE
RIVERA, Justice

February 6, 2013

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

Antcliff, J., not participating

 

(Do Not Publish)











[1]
As this case was transferred from our sister
court in Fort Worth, we decide it in accordance with the precedent of that
court.  Tex. R. App. P.
41.3.