

# NUMBER 13-13-00472-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**CHARLES CAMARILLO,**                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                    **Appellee.**

---

### On appeal from the 25th District Court
### of Gonzales County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Longoria
### Memorandum Opinion by Justice Rodriguez

Appellant Charles Camarillo challenges his conviction for aggravated assault, a second-degree felony for which he was sentenced to eight years' incarceration. *See* TEX. PENAL CODE ANN. § 22.02(a), (b) (West, Westlaw through 2013 3d C.S.). By one issue, appellant argues that his due process rights were violated when he was not

permitted to present additional punishment evidence after the trial court formally adjudicated his guilt.   We affirm.

## I.   Background

Appellant was indicted for aggravated assault as follows:

[O]n or about the 28th day of February, 2010 and before the presentment of this indictment, in [Gonzales County, appellant] did then and there intentionally, knowingly, or recklessly cause bodily injury to Mario Rios, by making contact with the head of Mario Rios with the defendant's hand and/or foot and/or an object unknown to the grand jury and the defendant did then and there use or exhibit a deadly weapon, to-wit:   hand and/or foot and/or object unknown to the grand jury, during the commission of said assault . . . .

Appellant pleaded guilty, but the trial court deferred appellant's adjudication and placed him on community supervision.   The State thereafter moved to revoke appellant's community supervision and adjudicate his guilt.

At appellant's revocation hearing, before its adjudication and pronouncement of sentence, the trial court asked appellant and defense counsel if they would "like to say something before [the court] decide[d] on a sentence."   Appellant gave a statement about work he had been doing in the community since his deferred adjudication, counseling he had undergone, and classes he had taken to learn to support himself.   Defense counsel made a statement similar to appellant's and also asked the trial court to give appellant credit for some time he had served in prison during his community supervision term.   The trial court then adjudicated appellant's guilt and pronounced his sentence as follows:

Mr. Camarillo, you previously plead[ed] guilty to the offense of aggravated assault.   The Court now finds you guilty of that offense and sentences you to eight years in the Texas Department of Institutional Division [sic].   You'll receive credit for any time you've been incarcerated on this charge either here or in any other place where a detainer or a hold

2

had been placed upon you. You'll be remanded into the custody of the Sheriff's Department for safekeeping until such time you can be transported to the Texas Department of Criminal Justice.

This appeal followed.

## II. Discussion

By one issue, appellant argues that his due process rights were denied when the trial court did not give him an additional opportunity to present evidence relevant to punishment after formally adjudicating appellant's guilt. In short, appellant appears to argue that the trial court's "singular proclamation" of guilt and punishment denied appellant his right to provide punishment evidence. *See Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992) (per curiam). The State argues that appellant failed to preserve this argument, and we agree—appellant made no objection comporting with his argument on appeal despite having the opportunity to do so. *See* TEX. R. APP. P. 33.1(a)(1); *Euler v. State*, 218 S.W.3d 88, 91 (Tex. Crim. App. 2007) ("If appellant wanted an opportunity to present evidence and argument on the question of punishment, it was incumbent upon him to ask for that opportunity and to be ready to present such evidence and argument as soon as the trial court announced its finding that he had violated the conditions of his probation.").

But even assuming that appellant did preserve his argument, we still cannot conclude that he was denied the opportunity to present punishment evidence prior to his sentencing. The law provides no "absolute right to a separate punishment hearing" after the adjudication of guilt at a revocation hearing. *Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999). "[I]t is immaterial that the presentation of this evidence occurred

3

before the actual words of adjudication"; appellant was given "the opportunity to present evidence during the proceedings, and that is all that [was] required." *See id.* at 691. Appellant has shown no error by the trial court in this regard.

Appellant's issue is overruled.

### III.    Conclusion

We affirm the judgment of the trial court.


NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
12th day of June, 2014.

4