**AFFIRM; and Opinion Filed January 18, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00097-CR

**GLENN BRUMSEY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 86th Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 31441-86**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Brown, and Whitehill
Opinion by Justice Lang-Miers

Appellant Glenn Brumsey was convicted of possession of a controlled substance in a drug-free zone and sentenced to five years imprisonment. He appeals raising a single issue that the trial court erred when it did not hold a separate punishment hearing after revoking his community supervision and adjudicating his guilt. We affirm.

On January 23, 2013, appellant entered a plea of guilty to the offense of possession of a controlled substance in a drug-free zone. Pursuant to a plea bargain agreement, the trial court deferred adjudication of guilt and placed appellant on five years' community supervision. On March 31, 2016, the State filed a motion to revoke community supervision or proceed to adjudication of guilt. The State filed a supplemental motion on January 9, 2017. These motions alleged that appellant violated his community supervision in that he committed the offense of

driving while intoxicated on March 19, 2016; committed the offense of assault on December 13, 2016; failed to pay probation fees; failed to pay a fine; failed to pay court costs; and failed to pay court ordered restitution.

On January 27, 2017, a hearing was held on the motions to adjudicate. Appellant entered a plea of not true to the allegations. The State presented evidence that appellant had committed the alleged two new offenses while on community supervision and that appellant was delinquent in his payments towards court ordered fees, fines, court costs and restitution.

Appellant testified in his own defense. Appellant told the trial court that he suffered from multiple disabilities: "I got a bad heart. I got heart problems. I got blood pressure. I got back issues. I got knee problems. I mean, I'm on all types of medication." Appellant testified that although he received disability funds, he had many financial obligations, including children, which had caused him to become delinquent in his payments. With respect to the alleged DWI, appellant claimed that, although he had consumed two-three drinks before the incident which led to his arrest, he was not the person who had been driving the car. Prior to the alleged assault, he had a car accident and had been knocked nearly unconscious, or at least dizzy, and did not remember committing the assault.

The trial court found the allegations in the State's motions to be true, adjudicated appellant's guilt, and sentenced him to five years' confinement in prison.

On February 9, 2017, appellant filed a motion for new trial alleging that there had been no separate sentencing hearing before the trial court pronounced sentence, that he had been unable to present punishment evidence before sentencing, and that he had been deprived of his right to have a sentencing hearing. The trial court denied this motion on February 15, 2017.

On appeal, appellant claims that the trial court erred by failing to allow a separate punishment hearing and/or by denying him an opportunity to present evidence on sentencing.

Appellant relies on *Issa v. State*, 826 S.W.2d 159 (Tex. Crim. App. 1992). The State responds that this issue was not preserved or, alternatively, that appellant had an opportunity to present additional mitigating evidence and failed to do so. We agree with the State.

Following an adjudication of guilt, a defendant is entitled to a punishment hearing and the trial judge must allow the defendant an opportunity to present evidence. *Id.*, at 161; *see also Vidaurri v. State,* 49 S.W.3d 880, 885 (Tex. Crim. App. 2001). This right, however, is a statutory right that can be waived if not properly requested. *Vidaurri,* 49 S.W.3d at 885-86.

Appellant did not complain about the lack of a separate punishment hearing at the time he was adjudicated guilty. *See* TEX. R. APP. P. 33.1(a)(1) (preservation of error). Appellant argues that he preserved this issue by filing a motion for new trial. In *Issa*, the Court of Criminal Appeals found that a defendant preserved error by filing a timely motion for new trial only because the trial judge found the defendant guilty and immediately sentenced him; the defendant did not have the opportunity to object or present evidence. *Issa*, 826 S.W.2d at 161. In *Hardeman v. State*, 1 S.W.3d 689 (Tex. Crim. App. 1999), however, the Court of Criminal Appeals clarified *Issa*, explaining that "*Issa* does not stand for the absolute right to a separate punishment hearing. Instead, it requires the defendant to have the opportunity to present evidence in mitigation of punishment if not afforded during adjudication." *Id*., at 690–91. Here, appellant was given ample opportunity to present mitigating evidence and did so. Appellant testified about his disabilities and the financial obligations that resulted in his being delinquent on his payments of fees, fines, court costs and restitution. Appellant testified that he had not been driving a car at the time he was arrested for DWI, thereby offering a defense to that alleged offense. He further testified that he had been in an accident resulting in dizziness and perhaps partial unconsciousness and had no recollection of the assault of which he was accused. Because the trial court gave appellant the opportunity to present evidence in mitigation of punishment at the revocation hearing, and

because appellant presented mitigating evidence, this claim was not timely raised in the motion for new trial. Under these circumstances appellant has failed to preserve his claim.

Even if the motion for new trial is sufficient to preserve this issue for appellate review, appellant cannot prevail on the merits of his claim because the trial court afforded appellant three separate opportunities to present any evidence he chose. In adjudicating appellant guilty and pronouncing sentence, the trial court asked twice if there was any reason why sentence should not be pronounced. Both times appellant responded "no."[1] Additionally, before the final pronouncement of sentence, the judge asked Appellant, "Is there anything else before my (sic) pronounce sentence?" Appellant again responded "no." Consequently, appellant had the opportunity to present evidence during the proceedings, and that is all that is required. *Hardeman*, 1 S.W.3d at 691 (claim of denial of opportunity to present punishment evidence not preserved when trial court inquired whether defendant had anything to say at pronouncement of sentence).

---

[1] These exchanges are as follows:

> THE COURT: I will find the evidence sufficient – I will find the allegations to be true. I will find the evidence sufficient to find you guilty. I will find you guilty. I will sentence you -- sentence you to a period of five years in the Institutional Division of the Texas Department of Criminal Justice. There will be no fine. Was there any allegations of restitution made? ... So restitution in the amount of $130 to DPS. I won't assess a fine. There will be court cost.
>
> *Is there any legal reason why sentence should not be pronounced at this time, Mr. Harris*?"
>
> MR. HARRIS: No, Judge.

And, further:

> THE COURT: Mr. Brumsey, having found the allegations contained in State's motion to proceed to be true, I have adjudicated your guilt. I have found the evidence sufficient to find you guilty. You are found guilty … *Any legal reason why sentence should not be pronounced?*
>
> MR. HARRIS: No, Judge.

We conclude that the trial court did not err in not conducting a separate punishment hearing after adjudicating appellant's guilt. We decide appellant's sole issue against him and affirm the trial court's judgment.

**<u>Conclusion</u>**

We overrule appellant's sole issue and affirm.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

170097F.U05



# Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

GLEN BRUMSEY, Appellant

No. 05-17-00097-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 86th Judicial District Court, Kaufman County, Texas
Trial Court Cause No. 31441-86.
Opinion delivered by Justice Lang-Miers.
Justices Brown and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 18th day of January, 2018.