**Affirm and Opinion Filed August 18, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00952-CR**

**KADARIUS DEMOND BARRETT, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1500170-S**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Nowell
Opinion by Justice Pedersen, III

Kadarius Demond Barrett appeals the trial court's judgment adjudicating his guilt for aggravated robbery and sentencing him to forty-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice. In three issues, appellant argues his sentence violates his constitutional rights pursuant to both the United States Constitution and the Texas Constitution and he was denied a separate punishment hearing. We affirm the trial court's judgment.

## Background

Appellant pleaded guilty to aggravated robbery, including the use of a deadly weapon. Pursuant to a plea agreement, the trial court deferred adjudicating appellant's guilt and placed him on community supervision for eight years. The initial years of appellant's supervision were served in confinement following a second guilty plea by appellant, this one for manslaughter. Appellant was released from prison in 2018; over the next two years, the State filed a series of motions to modify his terms of supervision in this case or to allege violations of those terms. In July 2020, the State filed its Amended Motion to Revoke Probation or Proceed with an Adjudication of Guilt. The motion alleged violations of thirteen different conditions of his community supervision, including possession of methamphetamine with intent to deliver, use of oxycodone, failure to report and to pay fees and fines, and failure to participate in his required electronic tracking program. Appellant pleaded true to all the violations alleged. Both parties presented witnesses related to potential punishment. Ultimately, the trial court accepted appellant's plea and granted the State's motion, adjudicating appellant guilty and sentencing him to forty-five years' confinement.

This appeal followed.

## Disproportionate Sentences

In his first and second issues, appellant contends that his sentence violates his constitutional rights under both the United States and Texas Constitutions because

the sentence is "grossly disproportionate to the crime and inappropriate to the offender." He argues the evidence demonstrated that he needed community supervision, not incarceration, to continue working on drug rehabilitation. The State asserts that appellant did not preserve this complaint in the trial court.

The Eighth Amendment prohibits the imposition of "cruel and unusual punishment." U.S. CONST. amend. VIII. Similarly, article I of the Texas Constitution prohibits "cruel or unusual punishment." TEX. CONST. art. I, § 13. However, appellant did not complain about his sentence either at the time it was pronounced or in a motion for new trial. *See* TEX. R. APP. P. 33.1(a)(1); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.) (record must show appellant made timely request, objection, or motion for error to be preserved for appeal). Even constitutional rights—including the right to be free from cruel and unusual punishment—may be waived. *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996). Under these circumstances, we conclude appellant has not preserved his first or second issue for our review.

### Separate Punishment Hearing

In his third issue, appellant argues that the trial court erred by failing to conduct a separate punishment hearing. He relies upon *Issa v. State*, 826 S.W.2d 159 (Tex. Crim. App. 1992). In that case, the Court of Criminal Appeals held that "the defendant is *entitled* to a punishment hearing after the adjudication of guilt, and the trial judge must allow the accused the opportunity to present evidence." *Id.* at

161(emphasis in original). The State contends that appellant did not preserve this error either. Appellant responds that he had no opportunity to object because the trial court "quickly moved from adjudication to sentencing," not affording him the opportunity to present evidence during a separate punishment hearing.

Initially, we clarify that *Issa* does not require a separate hearing on punishment. "Instead, it requires the defendant to have the opportunity to present evidence in mitigation of punishment if not afforded during adjudication." *Hardeman v. State*, 1 S.W.3d 689, 690–91 (Tex. Crim. App. 1999). The proper question, thus, is not whether appellant had a "separate" punishment hearing, but whether he had the opportunity to present evidence in mitigation of punishment. Here, the record establishes beyond question that appellant was offered, and took, the opportunity to present evidence in mitigation of punishment: he called three witnesses, whose testimony he relies upon in his complaints about the severity of his sentence.

We will not address appellant's punishment evidence further, however, because the State is correct—appellant did not preserve this issue for our review. Shortly after the hearing began, after the State had offered appellant's plea and asked the court to take judicial notice of its file, the following exchange took place:

> The Prosecutor:    I don't have anything else to put on the record in regards to his plea of true at this time. I do have witnesses to put on.
>
> The Court:   For punishment?
>
> The Prosecutor:    Yes, Your Honor.

–4–

The Court:   Okay. All right. You may proceed. You can call your first witness.

At this point, before both parties called witnesses on punishment, appellant could have objected. Alternatively, he could have raised the complaint in a motion for new trial. But appellant did neither. He did not preserve this issue for our review.

## Conclusion

We affirm the trial court's judgment.

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

200952f.u05
Do Not Publish
Tex. R. App. P. 47



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

KADARIUS DEMOND BARRETT, Appellant

No. 05-20-00952-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas Trial Court Cause No. F-1500170-S. Opinion delivered by Justice Pedersen, III. Justices Partida-Kipness and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 18th day of August, 2022.