

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00243-CR

---

MAX ALLAN MAYO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 079339-D-CR, Honorable Steven Denny, Presiding

---

February 26, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Pursuant to a plea bargain, Appellant, Max Allan Mayo, was placed on deferred adjudication community supervision for assault family violence for four years.[1]  Several years later on the State's second motion to proceed with adjudication, it alleged Appellant committed a new offense and failed to successfully complete the Batterers Intervention Prevention Program (BIPP).  A hearing was held on the motion after which the trial court

---

[1] TEX. PENAL CODE ANN. § 22.01(b)(2)(B).

found both allegations true, revoked community supervision, and sentenced Appellant to ten years' confinement and assessed a $10,000 fine.[2]  By two issues, Appellant maintains (1) the trial court abused its discretion in failing to conduct an "on the record" ability-to-pay inquiry based on the express requirement of article 42.15 of the Texas Code of Criminal Procedure and in finding he would have the ability to pay fees and costs at a later date or at designated intervals and (2) the sentence imposed constitutes cruel and unusual punishment.  We affirm.

Appellant does not challenge his conviction.  Thus, only the facts necessary for disposition of his two issues will be addressed.

### ISSUE ONE—ARTICLE 42.15 AND ABILITY TO PAY FINES AND COSTS

Appellant contends the trial court abused its discretion by imposing a fine and court costs without conducting an on-the-record hearing on his ability to pay.  He requests a remand for compliance with the statute.  The State contends any error in doing so was harmless.  Based on this Court's recent decision in *Stanberry v. State*, No. 07-23-00194-CR, 2023 Tex. App. LEXIS 1066, at *6 (Tex. App.—Amarillo Feb. 9, 2024, no pet. h.) (mem. op., not designated for publication), a remand is unnecessary as no error occurred.

---

[2] We note the trial court did not orally pronounce an adjudication of guilt before proceeding to sentencing.  After finding both allegations to be true, the pronouncement was as follows:

> I do revoke your probation and sentence you to ten years confinement in the Texas Department of Criminal Justice Institutional Division, along with a $10,000 fine.

The failure to pronounce guilt notwithstanding, the trial court's action in assessing punishment after a hearing is an implied rendition of guilt and such finding was entered by the written judgment.  *See Jones v. State*, No. 07-16-00345-CR, 2017 Tex. App. LEXIS 4158, at *2 n.3 (Tex. App.—Amarillo May 8, 2017, no pet.) (mem. op., not designated for publication).

Article 42.15(a-1) regarding fines and costs, amended in 2021 and effective until January 1, 2025,[3] provides as follows:

Notwithstanding any other provision of this article, during or immediately after imposing a sentence in a case in which the defendant entered a plea in open court . . . a court shall inquire *on the record* whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs.  If the court determines that the defendant does not have sufficient resources or income to immediately pay all or part of the fine and costs, the court shall determine whether the fine and costs should be: (1) subject to Subsection (c), required to be paid at some later date or in a specified portion at designated intervals; (2) discharged by performing community service . . .; (3) waived in full or in part . . .; or (4) satisfied through any combination of methods under Subdivisions (1) – (3).

TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1) (Emphasis added).[4]  Section 42.15(a-2) provides that a defendant may waive the on-the-record inquiry.

Appellant maintains an on-the-record inquiry is an absolute statutory requirement.  There was no on-the-record inquiry.  Neither was there a waiver by Appellant to have such an inquiry.  There is, however, an "Article 42.15 Addendum" in which the trial court made the following findings:

The defendant does not presently have sufficient resources or income to immediately pay all or part of the fine and costs but will, in the future, have the ability to pay the fine and costs at a later date or at designated intervals.

The defendant shall pay all of the fine and costs to District Clerk/County Clerk or its designee upon release on parole or completion of his/her sentence.  If the defendant is unable to pay all of the fines and costs upon release, the defendant shall, upon release, appear before the District Clerk/County Clerk or its designee and make arrangements to pay the fine and costs at designated intervals.

---

[3] *See* Act of May 8, 2021, 87th Leg., R.S., ch. 106, § 1, 2021 Tex. Gen. Laws 202.

[4] "On-the-record" language was added to the statute effective September 1, 2021.

Although no on-the-record inquiry was made, the record shows the trial court determined Appellant did not have sufficient resources or income to pay all or part of his fine and costs. *See Stanberry*, 2023 Tex. App. LEXIS 1066, at \*6 (citing *Sloan v. State*, 676 S.W.3d 240, 242 (Tex. App.—Tyler 2023, no pet.)). *See also Cruz v. State*, No. 14-21-00454-CR, 2023 Tex. App. LEXIS 2987, at \*5–6 (Tex. App.—Houston [14th Dist.] May 4, 2023, pet. granted) (mem. op., not designated for publication) (concluding defendant's ability-to-pay inquiry is "fundamental to the proper functioning of our adjudicatory system"). *Cf. Gates v. State*, No. 02-23-00004-CR, 2024 Tex. App. LEXIS 1014, at \*11–12 (Tex. App.—Fort Worth Feb. 8, 2024, no pet. h.) (mem. op., not designated for publication) (finding the failure to have an on-the-record inquiry harmless). The court in *Sloan* found the trial court must have determined the defendant did not have the resources or income to pay immediately and deferred payment until his release. *Sloan*, 676 S.W.3d at 242. Issue one is overruled.

ISSUE TWO—CRUEL AND UNUSUAL PUNISHMENT

At his plea hearing, Appellant was admonished of the range of punishment for assault family violence if he were to violate his community supervision and be found guilty at a later date. At the motion to proceed hearing, the trial court imposed the maximum sentence. Appellant contends doing so was cruel and unusual punishment.

Generally, punishment within the statutory range is not excessive, cruel, or unusual under the Eighth Amendment and will not be disturbed on appeal. *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016) (citing *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006)). To avoid procedural default on a complaint of cruel and

4

unusual punishment, a defendant must first raise the issue in the trial court when sentence is pronounced or, if there was no opportunity to object, in a motion for new trial. *See* TEX. R. APP. P. 33.1(a)(1). *See also Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013); *Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999); *Roach v. State*, No. 07-23-00102-CR, 2023 Tex. App. LEXIS 5327, at *3 (Tex. App.—Amarillo July 20, 2023, no pet.) (mem. op., not designated for publication).

In the underlying case, Appellant did not object to his sentence in the trial court. He first raised the issue in his motion for new trial alleging punishment was "disproportionate to the underlying case and the allegations in the subsequent Motions to Proceeds [sic]."

After pronouncing sentence, the trial court advised Appellant of his right to appeal and wished him good luck. The record does not show there was no opportunity to object at trial, and Appellant did not allege in his motion for new trial that he was denied an opportunity to object when sentence was imposed. Thus, raising the issue for the first time in his motion for new trial was not the earliest opportunity to do so. He failed to preserve his complaint of a disproportionate sentence for appellate review. *See Martinez v. State*, No. 03-20-00187-CR, 2021 Tex. App. LEXIS 7066, at *15 (Tex. App.—Austin Aug. 26, 2021, pet. ref'd) (mem. op., not designated for publication). Issue two is overruled.

**REFORMATION OF JUDGMENT**

We note the trial court's *Judgment Adjudicating Guilt* reflects a clerical error. The summary portion under "Plea to Motion to Adjudicate" shows Appellant entered a plea of "true" while the record of the hearing shows Appellant pleaded "not true."

This Court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears in the record. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). The power to reform a judgment is "not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* at 529–30. Thus, we modify the trial court's *Judgment Adjudicating Guilt* to reflect a plea of "not true" under "Plea to Motion to Adjudicate."

**CONCLUSION**

As modified, the trial court's judgment is affirmed.

Alex Yarbrough
Justice

Do not publish.

6