

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00083-CR

ASHLEY CRISTINE COLEMAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. B20395-1703, Honorable Kregg Hukill, Presiding

October 4, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

"Now I'm lookin' at a flashback Sunday."[1]  The flashback involves *Issa v. State*, 826 S.W.2d 159 (Tex. Crim. App. 1992).  Through it, the Court of Criminal Appeals said, all those years ago, "when a trial court finds that an accused has committed a violation as alleged by the State and adjudicates a previously deferred finding of guilt, the court must then conduct a second phase to determine punishment."  *Id.* at 161.  According to

---

[1] "Freeze-Frame," J. Geils Band.

Ashley Cristine Coleman, the trial court denied her that hearing upon adjudicating her guilt for possessing a controlled substance. We affirm.

### Background

In March 2017, appellant was charged with possession of less than one gram of a controlled substance, a state jail felony. As part of a plea bargain, she was placed on deferred adjudication community supervision for a period of four years. Her supervision was subject to certain terms and conditions.

The State filed a motion to adjudicate[2] appellant's guilt, and the court held an evidentiary hearing on it in February 2024. At the conclusion of the hearing, the court found the allegations in the State's motion to be "true," adjudicated appellant's guilt, and turned to "punishment." Both the State and appellant announced they were ready to proceed. Both also represented to the court that neither had any evidence to present. That led the trial court to ask: "So both rest and close as to punishment?" And, both sides answered "yes." Those replies were followed by the court's inquiring whether the parties had "[a]ny further remarks." At that point, the State said "no, sir." Counsel for appellant then uttered "[w]e've said it already."

### Analysis

Through her single appellate issue, appellant contends the trial court erred in failing to conduct a separate punishment hearing. We overrule the issue.

Appellant failed to object to the purported absence of a separate punishment hearing prior to sentencing. Nor does the record reveal that the matter was broached

---

[2] The record shows several previous motions had been filed and appellant had been allowed to remain on deferred adjudication community supervision.

through a motion for new trial. So, the complaint was waived. *Vidaurri v. State*, 49 S.W.3d 880, 886 (Tex. Crim. App. 2001) (requiring preservation of a complaint about the absence of a separate punishment hearing through contemporaneous objection or a motion for new trial); *Salinas v. State*, No. 07-10-0191-CR, 2011 Tex. App. LEXIS 1674, at *2 (Tex. App.—Amarillo Mar. 8, 2011, no pet.) (mem. op., not designated for publication) (same).

We further note the right to a separate punishment hearing upon an adjudication of guilt consists of affording the defendant opportunity to present evidence in mitigation of punishment if not afforded an opportunity during the adjudication phase. *Hardeman v. State*, 1 S.W.3d 689, 690-91 (Tex. Crim. App. 1999); *Stanberry v. State*, No. 07-23-00194-CR, 2024 Tex. App. LEXIS 1066, at *2-3 (Tex. App.—Amarillo Feb. 9, 2024, pet. filed) (mem. op., not designated for publication). An actual, separate punishment hearing need not be conducted. *Id.* As described above, the trial court expressly offered appellant the chance to present both evidence and argument on "punishment" after announcing an adjudication of guilt. Indeed, it prefaced the opportunity by saying: "[n]ow then, as to punishment, what says the parties?" So, appellant actually was not denied the opportunity in question.

We affirm the judgment of the trial court.


Brian Quinn
Chief Justice


Do not publish.