

In The

## Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-12-00210-CR

_____

ALVARADO SOCORRO GONZALEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Carson County, Texas
Trial Court No. 4461; Honorable Stuart Messer, Presiding

November 8, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

On April 27, 2010, pursuant to a plea agreement, Appellant, Alvarado Socorro Gonzalez, was placed on deferred adjudication community supervision for seven years for possession of a controlled substance in an amount of 200 grams or more but less than 400 grams.[1]  In 2011, the State moved to proceed with an adjudication of guilt for numerous violations of the conditions of community supervision.  At a hearing on the

---

[1]TEX. HEALTH & SAFETY CODE ANN. § 481.115(e) (West 2010).

State's motion, Appellant entered a plea of not true to the violations. Following presentation of testimony, the trial court found Appellant did violate certain terms and conditions of community supervision, adjudicated him guilty of the original offense and sentenced him to fifty years confinement. In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We affirm and grant counsel's motion.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a *pro se* response if he desired to do so, and (3) informing him of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[3] By letter, this Court granted Appellant an opportunity to exercise his right to file a

---

[2]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[3]Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & 411 n.35. The duty to send the client a copy of the court of appeals's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response. Neither did the State favor us with a brief.

## STANDARD OF REVIEW

We review an appeal from a trial court's order adjudicating guilt in the same manner as a revocation hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2013). When reviewing an order revoking community supervision imposed under an order of deferred adjudication, the sole question before this Court is whether the trial court abused its discretion. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979).

## ANALYSIS

By the *Anders* brief, counsel raises three potential issues, to-wit: (1) a language barrier due to Appellant's fluency in Spanish, (2) ineffective assistance of counsel and (3) the severity of punishment. He discusses why reversible error is not presented and

3

concludes the trial court did not abuse its discretion in adjudicating Appellant guilty and sentencing him to fifty years confinement.

The federal constitution requires that a defendant sufficiently understand the proceedings against him to be able to assist in his own defense. *Linton v. State*, 275 S.W.3d 493, 501 (Tex. Crim. App. 2009). Additionally, article 38.30(a) of the Texas Code of Criminal Procedure provides that an interpreter be sworn for an accused in a criminal proceeding.

An official interpreter was sworn in at the commencement of the adjudication hearing to translate for Appellant. A different interpreter, who assisted Appellant in 2010, testified he translated the conditions of community supervision for Appellant, and Appellant understood the conditions. Appellant, however, testified he did not understand all the conditions. The interpreter testifying clarified that Appellant understood everything said to him in 2010, but did not understand some of the legal descriptions.

Ineffective assistance of counsel is reviewed under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). In most cases, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision making as to overcome the presumption that counsel's performance was reasonable and professional. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). The proper procedure for raising a claim of ineffective assistance is almost always a *habeas corpus* proceeding. *Aldrich v. State*, 104 S.W.3d

890, 896 (Tex. Crim. App. 2003). The record before us is inadequate to evaluate a claim for ineffective assistance of counsel.

After sentence was pronounced, Appellant did not object to the fifty-year term of confinement. Neither did he complain of his sentence in his motion for new trial. To avoid procedural default on appeal on a punishment issue, a defendant must complain to the trial court by objection or motion for new trial. *See* TEX. R. APP. P. 33.1(a)(1). *See also Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999); *Rodriguez v. State*, 917 S.W.2d 90, 92 (Tex. App.—Amarillo 1996, pet. ref'd).

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there is no plausible basis for reversal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005).

## CONCLUSION

The trial court's judgment is affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.

5