**AFFIRM; and Opinion Filed October 18, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00019-CR

**LAQUECHIA MORRIS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 31572-422**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Brown, and Boatright
Opinion by Justice Lang-Miers

Appellant Laquechia Morris appeals her conviction following the adjudication of her guilt for possession of a controlled substance. In one issue, she contends the trial court erred by failing to hold a separate punishment hearing. We affirm the trial court's judgment because (1) appellant did not object on this ground at trial, and (2) appellant had the opportunity to present punishment evidence to the trial court.

In 2013, pursuant to a plea agreement, appellant pleaded guilty to the offense of possession of a controlled substance of one gram or more but less than four grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2017). The trial court deferred adjudication of guilt and placed appellant on two years' community supervision in accordance with the agreement. Subsequent orders extended the conditions of appellant's community supervision until July 31, 2017. In September 2016, the State filed a motion to revoke community

supervision or proceed to adjudication of guilt. After a hearing, the trial court granted the State's motion and rendered judgment adjudicating appellant's guilt. The trial court sentenced appellant to five years' confinement, probated for five years. As one of the conditions to community supervision, the trial court ordered appellant to serve a term of confinement and treatment in a substance abuse felony punishment facility ("SAFP") for a term of not less than 90 days or more than one year.

At the hearing on the State's motion to adjudicate, the State did not call any witnesses. Appellant pleaded true to one paragraph of the State's motion and one paragraph in a supplemental motion. The State requested that the court amend the conditions of probation to require appellant to be placed in the SAFP program. Counsel for the State argued that appellant "needs to focus solely on her rehabilitation," and "the only way to do that, in my opinion, based on the efforts that she's made thus far, would be a lockdown facility where the only thing she's got to concentrate on is curing or learning how to deal with her addictive personality."

Appellant testified at the hearing. She requested help with her addiction to drugs. She explained to the court that she has three children, ages 10, 12, and 17, and that she was the children's primary caregiver until she was incarcerated. She testified that she believed she could be treated successfully for her addiction on an outpatient basis, rather than in "a lockdown facility." She explained that "I need to be out so I can be there for my children," and that she had adequate transportation to attend outpatient treatment.

On cross-examination and questioning by the Court, appellant admitted that she had not been able to complete prior substance abuse treatment successfully, and that she had relapsed, but she denied ever using drugs around her children. Appellant admitted to the court that she had been an addict for eight years, had used a variety of drugs, and had used drugs shortly before her most recent incarceration. In closing argument, appellant's counsel stated that "the only issue

that we place before the Court is whether or not there is an alternative to the SAFP program that can be done on an outpatient or more limited basis."

In explaining appellant's sentence, the court stated that given appellant's history, she needed the structure of SAFP conditions "to get clean and sober and stay that way." The court continued:

> I'm very sensitive to these matters, and I want you to get clean and sober and be a good mom, and a good member of the community, and good citizen; but the history is not a good one, and so I want you to get clean. I think the lockdown facility, the SAFP facility is what you need right now. So that is the order of the Court. . . . So I want you to focus on being an active, successful participant in that program.

In her sole issue on appeal, appellant contends the trial court erred by not holding a separate punishment hearing. Citing *Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992), and article 42.12, section 5(b) of the code of criminal procedure, appellant contends a separate hearing was required to "allow Appellant to put on mitigating evidence." *See Issa*, 826 S.W.2d at 161 (accused is entitled to punishment hearing after adjudication of guilt, and trial court must allow opportunity to present evidence); TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2016) (after adjudication of guilt, all proceedings, including assessment of punishment, continue as if adjudication of guilt had not been deferred). She concedes that she did not object, but contends that the trial court proceeded directly "from one pronouncement to the next" so that she had no opportunity to object.

The State responds that appellant did not preserve her complaint for review. In the alternative, the State argues that the trial court did not err by failing to hold a separate punishment hearing because appellant had the opportunity to present punishment evidence during the adjudication hearing "and did, in fact, present such evidence through her testimony."

Appellant was entitled to a punishment hearing after the adjudication of her guilt. *Vidaurri v. State*, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001). This right, however, is a

statutory right that can be waived. *Id.* Appellant did not complain about the lack of a separate punishment hearing either at the time she was adjudicated guilty or in a motion for new trial. *See* TEX. R. APP. P. 33.1(a)(1) (preservation of error); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.) (to preserve error for appeal, record must show appellant made timely request, objection, or motion). And in *Hardeman v. State*, 1 S.W.3d 689, 690–91 (Tex. Crim. App. 1999), the court distinguished *Issa*, explaining that "*Issa* does not stand for the absolute right to a separate punishment hearing. Instead, it requires the defendant to have the opportunity to present evidence in mitigation of punishment if not afforded during adjudication."

The record reflects that during the adjudication hearing, appellant was given the opportunity to present evidence, and did so. *See id.* at 691. She testified about her concern for her children, her desire to "be there" for them, and her ability to successfully complete an outpatient program. Appellant "had the opportunity to present evidence during the proceedings, and that is all that is required." *Id.*

We conclude that the trial court did not err in not conducting a separate punishment hearing after adjudicating appellant's guilt. We decide appellant's sole issue against her. We affirm the trial court's judgment.

/Elizabeth Lang-Miers/
_____
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

170019F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LAQUECHIA MORRIS, Appellant

No. 05-17-00019-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 422nd Judicial District Court, Kaufman County, Texas
Trial Court Cause No. 31572-422.
Opinion delivered by Justice Lang-Miers; Justices Brown and Boatright, participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 18th day of October, 2017.