

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00212-CR

---

**KALEB VASQUEZ, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2021-422048, Honorable John J. McClendon III, Presiding

---

January 22, 2025

## MEMORANDUM OPINION

### Before PARKER and DOSS and YARBROUGH, JJ.

Having been charged by indictment with murder,[1] Appellant Kaleb Vasquez entered an open plea of guilty. Punishment was tried to a jury which assessed a sentence of confinement in prison for life. The trial court imposed sentence accordingly. This appeal followed.

---

[1] *See* TEX. PENAL CODE ANN. § 19.02.

Appellant's appointed counsel has filed a motion to withdraw, supported by an *Anders*[2] brief. Appellant filed a pro se response which we interpret as a challenge to his sentence and raising claims of ineffective assistance of counsel. We grant counsel's motion and affirm the judgment of the trial court.

According to record evidence which Appellant does not challenge on appeal, on December 4, 2020, Appellant shot and killed Roel Munoz inside a Walmart located in Lubbock, Texas. Evidence indicates Appellant fled from the store and ran across a freeway, discarding what police later identified as a semiautomatic pistol. Later that day, Appellant allegedly attempted two carjackings. Police apprehended him shortly thereafter. On March 18, 2024, Appellant pleaded guilty to murder.

Appellant's counsel has certified that she conducted a conscientious examination of the record and, in her opinion, the record reflects no reversible error upon which an appeal can be predicated. *Anders,* 386 U.S. at 744; *In re Schulman,* 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Via an explanatory letter to Appellant, counsel provided Appellant with her motion to withdraw, a copy of her *Anders* brief, and a copy of the record. *See Kelly v. State,* 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).

Regarding Appellant's response, we note that claims of ineffective assistance of counsel are reviewed under the familiar standard of *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Generally, the record on direct appeal is insufficient to establish that counsel's representation was so deficient and so lacking in tactical or strategic decision making to overcome the presumption that counsel's

---

[2] *See Anders v. California*, 386 U.S. 738, 744 (1967).

2

performance was reasonable and professional. *Bone v. State,* 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). The proper procedure for raising a claim of ineffective assistance is almost always a habeas corpus proceeding. *Aldrich v. State,* 104 S.W.3d 890, 896 (Tex. Crim. App. 2003). The record before us on direct appeal is not sufficient for evaluating a claim of ineffective assistance of counsel.

The gist of Appellant's argument appears to be that he believed he would receive less than a life sentence if he pleaded guilty.[3] Appellant cites no authority requiring a jury to impose a lesser sentence under these circumstances, and we have found none. Moreover, when the trial court pronounced his life sentence, Appellant did not object. To preserve a punishment issue for appeal, a defendant must raise a timely objection in the trial court. *See* TEX. R. APP. P. 33.1(a)(1). *See also Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999).

We have carefully reviewed counsel's *Anders* brief and Appellant's pro se response and have conducted an independent review of the record to determine whether there are any nonfrivolous issues which might support an appeal. *See Penson v. Ohio,* 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Following our review of the appellate record, counsel's brief, and Appellant's response we conclude there are no grounds for appellate review that would result in reversal of Appellant's conviction or sentence.

---

[3] For example, Appellant argues, "My attorney had told me that if I wanted to get less time that I should plea[d] guilty because it is taking responsibility for my actions and that would look good to the Jury and that they would lower my time." Elsewhere, Appellant contests statements in the record indicating that he agreed with the punishment imposed.

3

**Conclusion**

Counsel's motion to withdraw is granted.  The trial court's judgment is affirmed.[4]


Lawrence M. Doss
Justice


Do not publish.

---

[4] Counsel shall, within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review.  *See* TEX. R. APP. P. 48.4.  This duty is an informational one, not a representational one.  It is ministerial in nature, does not involve legal advice, and exists after this Court grants counsel's motion to withdraw.  *In re Schulman*, 252 S.W.3d at 411 n. 33.